Peter T. Farrell, J.
Motion to dismiss indictment granted. (Code Crim. Pro., § 8, subd. 1; § 668.) The main question is whether defendant abandoned or waived his section 668 right to request a dismissal for past delay by his prior service of a notice and request for a final disposition of the indictment under the provisions of section 669-a. In accordance with the views expressed in my opinion in the Segura case (People v. Segura, 12 Misc 2d 279) I hold that he did not. The remaining question is whether the period of delay — not quite 14 months — is sufficient to entitle defendant to a dismissal. I hold that it is, since the District Attorney has not attempted to show any good cause for its occurrence.
Concededly, the right to a speedy trial is “ necessarily relative ” and consistent with delays reasonably required by public justice (Beavers v. Haubert, 198 U. S. 77, 86-87) and whether the delay is “ undue ” is determinable by reference to the circumstances and not merely the fact of its occurrence. (People v. Prosser, 309 N. Y. 353, 357; People v. Godwin, 2 A D 2d 846, affd. 2 N Y 2d 891.) But where it exceeds the period contemplated by the statute the defendant is entitled to a dismissal “ unless good cause to the contrary be shown.” (Code Crim. Pro., § 668.) There is no presumption that it was for good cause. (Harris v. Municipal Ct., 209 Cal. 55, 64.) The burden of proving such cause — and thus, that the delay was not “ undue ” — is on the prosecution. (People v. Prosser, supra, p. 358; State v. Lester, 161 Wash. 227, 230.) It is presumed that the defendant was prejudiced by the delay. (Harris v. Municipal Ct., supra.) Consequently, the delay in this case entitled defendant to a dismissal of the indictment.
Order entered accordingly.