Hymah Barshay, J.
The defendant, while confined in Sing Sing prison under a sentence heretofore imposed upon him by another court, was indicted by the County Court of Kings County for robbery in the first degree, assault in the second degree and grand larceny in the first degree. The indictment was filed on May 18,1956 and notice of that fact was given to the defendant on June 4, 1956 by the filing of a warrant with the Avarden of the institution wherein he was confined. No action Avas taken by the prosecutor to move this indictment for trial until April 30,1958 when for the first time, the defendant entered a plea of not guilty upon arraignment. The defendant noAV moves to dismiss the indictment on the ground that he was denied a speedy trial pursuant to the mandate of section 668 of *958 the Code of Criminal Procedure. The court accorded him a hearing. On the evidence adduced, this motion is granted. The court finds that the defendant was not responsible for, nor did he acquiesce in, or consent to any delay of his prosecution. “ There is not so much as a suggestion that defendant procured, caused, consented to, acquiesced in or * * * condoned the past
delay (Code Crim. Pro., § 668; People v. White, 2 N Y 2d 220, 223-225; People v. Godwin, 2 A D 2d 846, affd. 2 N Y 2d 891; People v. Prosser, 309 N. Y. 353, 359-360). Nov has the District Attorney made any attempt to offer ‘ good cause ’ for its occurrence.” (People v. Segura, 12 Misc 2d 279, 280; People v. Mudra, 12 Misc 2d 438.)
Submit order.