Paul J. Widlitz, J.
Defendant moves by writ of habeas corpus to dismiss an indictment pending against him in this court by reason Of the People’s failure to bring said indictment on for trial within a period of 180 days (Code Crim. Pro., § 669-a; People ex rel. Seiler v. Warden of City Prison, 199 Misc. 570). Although the defendant’s argument is verséd in terms of an application pursuant to section 669-a of the Code of Criminal Procedure, the court will also treat the petition as one pursuant to section 668 of the code (People v. Segura, 12 Misc 2d 279).
Oh June 30,1959, defendant was sentenced to Sing Sing Prison upon a judgment of conviction rendered in the County Court of Suffolk County. Prior thereto, on January 21, 1959¿ and March 23, 1959, warrants had been lodged against defendant by reason of informations filed in the Nassau County District Court charging defendant with violations of sections 1290,1293-a and 1294 of the Penal Law. These warrants were, thereafter, lodged with the Warden of Sing Sing Prison.
Defendant alleges that during his incarceration in State prison he served upon the District Attorney of Nassau County a notice to dispose of any untried indictment, information, or complaint pending against him (Code Grim. Pro., § 669-a). The District Attorney acknowledges receipt of such notice on or about October 21, 1959.
On November 17,1959, the prior informations heretofore filed against defendant were superséded by an indictment charging defendant with the crime of grand larceny in the first degree, two counts, and on May 20, 1960, this court entered an order directing that the defendant be delivered to Nassau County for arraignment. Thereafter, on May 31, 1960, defendant entered *499 a plea of not guilty to the indictment and the court appointed counsel to represent him.
One of the important rights of every defendant in a criminal prosecution is his right to a speedy trial (People v. Prosser, 309 N. Y. 353; Civil Rights Law, § 12; Code Crim. Pro., § 8). The two statutes above referred to have been implemented by the Legislature’s enactment of sections 667, 668 et seq. of the Code of Criminal Procedure (L. 1881, ch. 442) and further by section 669-a of the code (L. 1957, ch. 440). Section 667 of the Code of Criminal Procedure insures a prompt presentation of charges to the Grand Jury; section 668 seeks a prompt trial after indictment and section 669-a provides an incarcerated defendant the means of securing a prompt disposition of a pending indictment.
In this habeas corpus proceeding, the defendant seeks a dismissal of a pending indictment under the authority of section 669-a of the Code of Criminal Procedure, based on the service of the demand as required in said section and the noneompliance on the part of the People to bring him on for timely trial.
The substance of section 669-a provides that “ whenever * * * there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered * * * written notice * * * [of] his request for a final disposition to be made of the indictment, information, or complaint” (emphasis supplied).
It is manifestly apparent in reading section 669-a that its function is to afford a prisoner a speedy trial of untried charges pending against him (see 1957 Annual Report of N. Y. Joint Legis. Committee on Interstate Cooperation, p. 177). This section, which carries with it the provision that a dismissal thereunder is with prejudice to the People and a bar to subsequent indictment (Code Crim. Pro., § 669-a, subd. 2), must'be strictly construed and, perforce, can apply only to an information of a triable nature. Thus, the notice as sent by the defendant seeking disposition of any untried indictment or information was of little legal significance for at such time there existed no information or indictment which could have been tried. It was not until after the written demand was received by the District Attorney that an indictment was handed up by the Grand Jury.
The defendant’s application under section 668 of the Code of Criminal Procedure, however, bears merit.
The defendant was indicted on November 17, 1959. He was not arraigned before the court until May 31, 1960, more than six months after his indictment. The People have failed to explain the delay in bringing defendant to trial at the next term *500 of the court in which the indictment was triable and simply contend that a six-month delay, in and of itself, is not a sufficient basis to afford defendant the relief he seeks (People v. Hernandez, 7 A D 2d 724). With this proposition, the court cannot agree.
The burden is on the State and not the defendant to see that a defendant is arraigned and speedily brought to trial (People v. Prosser, 309 N. Y. 353, supra). The burden, therefore, rests with the District Attorney to show good cause for delay and it is presumed that such delay was prejudicial to defendant (People v. Mudra, 12 Misc 2d 438).
The fact that the defendant was confined to a penal institution in some other part of this State by reason of other convictions does not, standing alone, constitute “ good cause ” for depriving him of his right to a speedy trial (People v. Masselli, 11 A D 2d 722).
The People having failed to show good cause for the delay in bringing defendant to trial, defendant’s motion to dismiss the indictment is granted to the extent only that the within application insofar as it seeks relief under section 668 of the Code of Criminal Procedure is granted.