Donald H. Mead, J.
Defendant, George Lee, alias George Foster, moves for an order dismissing the indictment herein against him pursuant to sections 8 and 668 of the Code of Criminal Procedure, and section 12 of the Civil Rights Law, upon the grounds that defendant was deprived of his right to a speedy trial.
A joint indictment against the defendants, Steve Wuckich, alias Steve Wilson, and George Lee, alias George Foster, charging them with the crimes of conspiracy in violation of section 580-a of the Penal Law and the crime of extortion, was returned by the Grand Jury of Onondaga County, having been filed on the 7th day of December, 1959 and thereafter, on the same date, having been remitted to the Onondaga County Court for trial or other disposition. It appears that the indictment was sealed for the reason that the whereabouts of the defendants was then unknown.
The affidavit of John E. Shaffer, Esq., attorney for the defendant George Lee, alias George Foster, on this motion alleges the following facts:
“ 5. That at the time of the finding of the indictment herein, the defendant resided at 440 Bronx Blvd. (East 228 St.) New York City, New York; that thereafter and on or about the 22nd day of January, 1960, the defendant was held on a charge by the Police Department of the City of New York and thereafter during the same month retained Gilbert S. Rosenthal, Esq. to represent him on the said charge.
“ 6. That at said time a warrant was lodged with the Department of Correction in the New York City Prison from Onondaga County with respect to the charge contained in the above numbered indictment, which indictment charged the defendant with the crime of conspiracy in violation of Section 580-a of the Penal Law of the State of New York and extortion; that a copy of said indictment is attached hereto and made part hereof.
1 ‘ 7. That the District Attorney of the County of Onondaga was, from the time of the arrest of the defendant, at all times *354 informed of the whereabouts of the defendant and that' the said District Attorney had actual knowledge that the defendant was .so confined in the City of New York during the months of January and February, 1960; that defendant’s then attorney, Gilbert S. Rosenthal, did during the month of February 1960 have a telephone conversation with Arthur W. Wilson, the then District Attorney of the County of Onondaga, with reference to the confinement of the defendant in the New York City Prison and to ascertain the bail that would be required of the defendant in the County of Onondaga as will appear in the annexed affidavit of Gilbert S. Rosenthal, sworn to the 11th day of March, 1961 to which reference is made and made part hereof by reference.
“ 8. That on or about the 8th day of June, 1960, a letter was written to the District Attorney’s Office of the County of Onondaga by the aforementioned Gilbert S. Rosenthal, a copy of which is attached hereto and made part hereof, notifying the District Attorney’s Office of the County of Onondaga that the defendant was in the Tombs City Prison in New York awaiting sentence and requesting a copy of the complaint or indictment. The said letter was thereafter acknowledged by Arthur W. Wilson, District Attorney of the County of Onondaga, by letter dated June 23, 1960, a copy of which letter is attached hereto and made a part hereof.
“ 9. That the defendant was in the Tombs City Prisonof .the City of New York from January 22, 1960 until he appeared in the Court of General Sessions of the "City of New "York and entered a plea on or about the 17th day of June, 1960 and thereafter continued in custody at the aforementioned Tombs. City ¡Prison until he was sent to the Sing Sing State Prison at Ossining, New York on or about September 9, I960; that the defendant remained at said Prison until December 1, 1960 when he was transferred to Auburn State Prison at Auburn, New York; that he remained at Auburn State Prison until on or about the 6th day of March, 1961 when he was removed from the Auburn State Prison in the custody of the Sheriff of the County of Onondaga and brought to the City of Syracuse, New York and lodged in the Cedar Street Jail where he continues to remain.”
Also, as part of defendant’s motion papers is an affidavit of Gilbert S. Rosenthal, Esq., attorney, in support of certain of the allegations contained in the affidavit of defendant’s counsel.
The answering affidavit of Joseph A. Ryan, Esq., District Attorney of Onondaga County, filed in opposition to the motion in no way denies or controverts the allegations contained in *355 defendant’s moving papers. In fact, there are attached to the answering affidavit and made a part thereof, copies of the correspondence between Arthur W, Wilson, Esq., the. then District Attorney and Gilbert S. Rosenthal, Esq., attorney for the- defendant dated June 8, 1960 and June 23, 1960, both of which letters are referred to in defendant’s moving papers. Also attached to the ansAvering affidavit of the District Attorney is a copy of a letter dated September 18, 1960 from the Warden of Sing Sing.Prison addressed to Mr. Harold K, Kelly, Chief of Police of the City of Syracuse, Ncav York, as Avell as a transcript of the telephone conversation, Avhich was apparently monitored, had on February 2, 1960 by Mr. Wilson, the then District Attorney of Onondaga County and Mr. Rosenthal, attorney for the defendant. The answering affidavit of the District Attorney further alleges the following:
“ 5. That the whereabouts of defendant herein was unknoAvn at time of indictment and he was a fugitive from this jurisdiction.
“ 6. That thereafter and.on February 2, 1960, as more fully appears from the attached copy of a monitored telephone conversation of that date between Gilbert Rosenthal, Esq,, of New York City and Hon. Arthur Wilson, then District Attorney of Onondaga County, this office was advised of the Avhereabouts of a certain George Lee.
“ 7. That on June 9, 1960 as more fully appears from the attached letter of June 8, 1960 of George S. Rosenthal, Esq., 350 BroadAvay, New York City, a certain George Lee was at. that time in Tombs City Prison, New York City awaiting sentence on a charge in New York County. That said letter was a request for a copy of the indictment herein which said" request was denied with explanation dated June 23, 1960 from Hon. Arthur W. Wilson to Mr. Rosenthal aforesaid; said explanation being that indictment was sealed.
‘ ‘ 8. That thereafter and on September 19, 1960 this jurisdiction was advised of the fact that one George Lee SSP #126556 was received at this institution on September 14, .I960 from NeAV York County, with a term .of 2-0/3-0 years, for the crime of Attempted Grand Larceny second degree. This appears more fully from attached letter of said date from; Wilfred L. Deniio, Warden, Sing Sing Prison.
“9. That defendant could not be brought to trial at the. next term of Court as set forth in Sec. 668 of the Code in- that he whs a fugitive and his whereabouts was unknown.
“ 10. That, upon information and belief, when defendant was located he was being held for trial in the County of New *356 York which detention had priority in that the arrest was-made in that jurisdiction for a crime committed therein. That defendant could not be brought out of New York County until after his trial and if convicted, after judgment. That less than six months or 180 days elapsed from the time defendant was processed out of New York County aforesaid.
“ 11. That pursuant to an order of this Court defendant was brought to this jurisdiction for arraignment on March 6, 1961 from Auburn State Prison where he had been sent by classification out of Sing Sing Prison aforesaid.
‘ ‘ 12. That as can be seen from the attached memoranda and the foregoing, any delay between notice of defendant’s whereabouts and arraignment and trial was beyond the control of this jurisdiction and brought about solely as a result of defendant’s actions.
“ 13. That defendant fails to show prejudice to himself by the alleged delay.”
From the allegations contained in the moving and answering aEdavits there can be no question but what the District Attorney had knowledge of the whereabouts of this defendant at all times since the telephone conversation which the District Attorney had with defendant’s attorney, George S. Rosenthal, Esq., on February 2, 1960. It is conceded that the defendant was not returned to this county until March 6, 1961 when he was returned here from Auburn State Prison- pursuant to court order. Upon his return to Onondaga County and following his arraignment on the indictment, defendant promptly brought on this motion to dismiss the indictment for delay in prosecution.
In the leading case of People v. Prosser (309 N. Y. 353, 356) Fuld, J., writing for the court, stated: “ The guarantee of a speedy trial — embodied in.the United States Constitution and in the constitutions of many states — is found in section 8 of the New York Code of Criminal Procedure. In so many words, that section announces that ‘ In a criminal action the defendant is entitled * * * To a speedy and public trial.’ Section 668 of the Code, providing the means by which the defendant may enforce his right, declares: ‘ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.’ ”
At page 358, in citing the case of State v. Chadwick (150 Ore. 645, 650) Judge Fuld quoted with approval the following excerpt from the latter case: “‘When the state sees fit to *357 charge a defendant by indictment with the commission of a crime, it is equally the duty of the prosecutor to see that defendant is arraigned and enters a plea and speedily brought to trial, as it is to charge him with the offense in the first place’”. Again, at pages 358 and 359 of the opinion, the Court of Appeals said: “ It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial. And from this it follows that the mere failure of the defendant to take affirmative action to prevent delay may not, without more, be construed or treated as a waiver. The plain language of section 668 unerringly points that conclusion. In effect, it calls for dismissal of an indictment, if its trial is unduly put off, 1 unless good cause to the contrary be shown. ’ As we read the statute, it is incumbent upon the prosecution to establish 6 good cause ’ for its own delay, and not simply the fact that the defendant has failed to demand a trial. When the legislature expressly excepted from section 668 a defendant ‘ whose trial has * * # been postponed upon his application,’ it disclosed a design not to except a defendant who has neither applied for nor agreed to a postponement. In Flanary v. Commonwealth (supra, 184 Va. 204), dealing with a statute similar to ours, the court said, in terms here most apt (p. 211): ‘ If the legislature had intended the silence of the accused * * * to be a waiver of his right, it could, and doubtless would, have used appropriate language to convey that intention. If the language used is to be given its usual and ordinary construction, it is impossible to hold that the words, “ continuance granted on the motion of the accused,” convey the same meaning as “silence,” or “the accused must demand a trial ”
The burden rests with the District Attorney to show good cause for delay and it is presumed that such delay was prejudicial to defendant. (People v. Mudra, 12 Misc 2d 438.) Therefore, the only question to be determined on this motion is whether the People sustained their burden of showing ‘ ‘ good cause ” for the delay of 15 months between the filing of the indictment on December 7, 1959 and defendant’s arraignment on March 7, 1961. The court thinks not. In an effort to show “ good cause ” for the delay, the District Attorney urged that when defendant’s whereabouts was ascertained he was being held for trial in the County of New York which detention had priority in that the arrest was made in that jurisdiction for a crime committed therein. That in the orderly administration of justice the defendant could not be returned from New York *358 County until after he was tried in that jurisdiction and, if convicted, until judgment was pronounced. With this proposition we cannot agree. The fact that during such period defendant was confined in a city or county jail of another jurisdiction awaiting trial on an indictment in that jurisdiction or was confined in State prison following conviction on such indictment, did not, standing alone, constitute “ good cause ” for depriving him of his right to a speedy trial. (People v. Masselli, 11AD 2d 722; People v. Goldman, 24 Misc 2d 497.)
The very fact that defendant was returned from a State prison upon court order is sufficient proof, if any is required, that the same procedure could have been employed more promptly. Nowhere in the answering affidavit of the District Attorney does it appear that he made any attempt to return the defendant to this county prior to his return pursuant to court order on March 6, 1961.
The People having failed to show good cause for the delay in bringing defendant to trial, the motion of George Lee, alias George Foster, to dismiss the indictment against him solely, is hereby granted.