Hyman Barshay, J.
On November 7, 1963 the defendant, having theretofore pleaded guilty to the crime of attempted robbery in the third degree, unarmed, was sentenced to State prison for a term of not less than 2% to 5 years (Stabkey, J.). The defendant filed a notice of appeal from the judgment of conviction. On August 27, 1965 he moved in the Appellate Division to reverse the judgment of conviction or, in the alternative, to remand the action to the trial court for a hearing to determine whether he was denied due process and his right to a speedy trial. By order dated October 4, 1965 (24 A D 2d 758) the motion, upon the consent of the District Attorney, was granted “ to the extent of remanding the action to the trial court for a hearing and determination on the issue of appellant’s contention that he was denied due process and his right to a speedy trial.” In all other respects the motion was denied.
Pursuant to that order a hearing was held at which it was developed that on September 25, 1959 Indictment No. 2822 of 1959 was filed charging the defendant and two codefendants with robbery in the first degree, assault in the second degree and grand larceny in the first degree. On December 7, 1959 he was arraigned and pleaded not guilty. On December 9, 1959 the defendant moved for an inspection of the Grand Jury minutes which was denied by an order dated April 4,1960. On February 19,1960 the case, was marked off the calendar because of another motion which was then pending. On March 15, 1960 the case was adjourned to April 4, 1960 at the request of the defendant. On April 4, 6, 7 and 8 the case was marked ready and passed subject to the completion of the trial of the defendant and the same codefendants, upon a robbery indictment in the Supreme Court, Queens County. On April 25, 1960 the case was again adjourned to May 2 at the request of the defendant’s counsel who was then engaged in the trial of another case. On May 2, 1960 the case was adjourned to May 9 because of the illness of the Judge presiding in that part. On May 9, 1960 the case was marked off the calendar because the defendant had heretofore been committed to Matteawan State Hospital on May 2,1960 by order of the Supreme Court, Queens County. On August 24, 1962 the defendant was released from Matteawan and remanded to the Supreme Court, Queens County, for trial on the indictment pending in that court. .On December 19,1962 the defendant pleaded guilty in the Supreme Court, Queens County, to robbery in the second degree.
The defendant testified that his counsel requested that he be transferred from Queens County to the Supreme Court, Kings *679 County, for disposition of the indictment pending there; the Clerk of the Queens County Supreme Court informed the court that the Supreme Court in Kings County must institute the proceedings to have him brought there; on January 23, 1963 he was sentenced in the Supreme Court, Queens County, to a term of 7% to 10 years and was sent to Sing Sing Prison on January 28, 1963; on January 30, 1963, he learned for the first time that a detainer from Kings County, dated December 7,1959, had been filed at Sing Sing Prison; on August 23, 1963, he submitted a motion in the Supreme Court, Kings County, to dismiss this indictment (2822/1959) for lack of prosecution; on September 6 he was notified by the Warden in Sing Sing, that the aforesaid detainer had been withdrawn; on September 20, 1963, he was advised that a detainer from Kings County had been refiled for the same indictment; on September 26, 1963, his motion to dismiss the indictment for lack of prosecution was denied “ unless the District Attorney moves this case for trial during the October, 1963 term of this court, otherwise granted.” (Helfakd, J.) On October 10,1963, the defendant was returned to the Supreme Court, Kings County, for trial; the following day he pleaded guilty to the crime of attempted robbery in the third degree, unarmed; on November 7, 1963, he was sentenced to Sing Sing Prison for a term of 2% to 5 years (Starkey, J.) to run concurrently with the sentence of 7% to 10 years imposed in the Supreme Court, Queens County, on January 23, 1963. He has not started to serve the aforesaid sentences; he is presently serving a sentence imposed in New York County in 1950 on his conviction for the crime of robbery in the second degree. The defendant testified that according to the Parole Division the term in that case does not expire until 1969. He stated he did not consent to an adjournment of the case which had been pending in the Supreme Court, Kings County.
The defendant contends ‘ there was, therefore, a 14-month delay in affording this defendant a speedy trial as guaranteed to him by section 8 of the Code of Criminal Procedure, as well as Section 668 of the Code ”; that he was found able to stand trial on August 24, 1962 when he was returned to the Supreme Court, Queens County, from Matteawan State Hospital; and that “ good cause ” has not been shown for the delay in disposing of the indictment until October 11, 1963 at which time he pleaded guilty as aforesaid.
The District Attorney, on the other hand, contends that he is not chargeable with the delay in bringing the defendant to trial during the period prior to January 31, 1963. A detainer *680 had been lodged at Matteawan on December 7,1959. There was received in evidence a letter from the Superintendent of Matteawan State Hospital to Assistant District Attorney Weisman, Kings County, dated June 12, 1961, which states that as of that date the defendant was still in need of medical attention and confirmed the fact that a warrant was on file at the hospital. The prosecution contends that it had reason to believe that the detainer would be honored and that the District Attorney of Bungs County would be notified of the defendant’s release from that institution. There was also received in evidence a letter dated September 25, 1963, from the Superintendent of Matteawan State Hospital which states: “Please be advised that a Kings County warrant (Order Remanding for Trial #2822 of 1959) was forwarded to the Queens County Court at the time of the patient’s discharge on August 24, 1962. We did not notify Kings County of the transfer of the warrant or of the issuance of a certificate of recovery.”
It was not until January 31,1963, that the District Attorney’s office was notified by letter from Sing Sing Prison of the defendant’s release from Matteawan. “ Since the Kings County District Attorney’s office had no knowledge up to January 31, 1963 of defendant’s discharge from Matteawan, although a detainer had been lodged and was on file at that institution, it cannot be said that any delay in bringing the defendant to trial up to that time was due to any fault attributable to this office. ’ ’
The District Attorney contends, therefore, that the only delay chargeable to him is the period from January 31,1963 to August 23,1963, when the defendant moved to dismiss the indictment for lack of prosecution, an interval of some seven months and therefore not a violation of the defendant’s right to a speedy trial (People v. Hernandez, 7 A D 2d 724; People v. Wuckich, 214 N. Y. S. 2d 513).
While the delay in bringing the defendant to trial between August 24, 1962, when he was discharged from Matteawan and January 31, 1963, when the District Attorney first learned of his discharge, is not attributable to his office, nevertheless, it is chargeable to an agency of the State, for which the defendant should not be penalized.
Subdivision 1 of section 8 of the Code of Criminal Procedure provides: “ In a criminal action the defendant is entitled 1. To a speedy and public trial ”.
Section 668 of the Code of Criminal Procedure provides: “ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the *681 next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.”
What constitutes a 11 speedy trial ’ ’ is not fixed by statute in days or months. It depends upon the circumstances of each particular case and is left to the court to determine whether such important right has been denied to a defendant (People v. Hall, 51 App. Div. 57).
In People v. Prosser (309 N. Y. 353) the court held that it is the duty of the State to see to it that a defendant is granted a speedy trial. “It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial. And from this it follows that the mere failure of the defendant to take affirmative action to prevent delay may not, without more, be construed or treated as a waiver. The plain language of section 668 unerringly points that conclusion. In effect, it calls for dismissal of an indictment, if its trial is unduly put off, ‘ unless good cause to the contrary be shown’” (p. 358; italics supplied).
On the evidence adduced I find that there was delay of 14 months (August 24, 1962 to October 10, 1963) in bringing the defendant to trial upon the indictment herein for which the People have failed to establish good cause. The defendant may not be deemed to have waived his right to a speedy trial by his failure to demand final disposition pursuant to section 669-a of the Code of Criminal Procedure (People v. Bryant, 12 N Y 2d 719; People v. Piscitello, 7 N Y 2d 387; People v. Segura, 6 N Y 2d 936; People v. Prosser, supra).
In the light of all the circumstances, I find that the defendant was denied due process and his right to a speedy trial, which was not waived by his plea of guilty (People v. Chirieleison, 3 N Y 2d 170).