Scileppi, J.
While defendant was serving time in Pikers Island Prison in New York City on another charge, the District Attorney of Westchester 'County filed informations charging him with forgery and petit larceny. The Police Justice Court of the Village of North Tarry town accordingly issued warrants for defendant’s arrest. These warrants were in turn lodged with the New York City Department of Correction which had defendant in its custody.
On June 18, 1965 the Department of Correction informed defendant of the issuance of the warrants and of his rights under section 669-a of the Code of Criminal Procedure. Defendant immediately asked that notices pursuant to section 669-a be sent. The section 669-a notice was received by the Police Court on June 30, 1965; the Department of Correction apparently never sent any notice to the District Attorney. On August 17, 1965 the Police Justice forwarded the notice to the District Attorney. On September 13, 1965 the Westchester County Grand Jury found two indictments against defendant, *305 each indictment containing two counts of forgery and one count of petit larceny. These indictments were based on the same crimes as alleged in the informations filed in the North Tarrytown Police Justice Court. On December 16, 1965 a Judge of the Westchester County Court ordered defendant’s delivery from Bikers Island to Westchester County and on December 20, 1965 defendant was brought to the county jail where he remained until January 6, 1966. On that day, he was brought into court, assigned counsel and pleaded not guilty, reserving all motions. On February 4, defendant’s counsel made a motion, returnable February 14, to dismiss the indictments for lack of prosecution pursuant to sections 8, 668 and 669-a of the Code of Criminal Procedure and the Fourteenth Amendment of the Constitution. The motion was denied by order of a Judge of the County Court on April 27, 1966. The Judge decided that at the time of the defendant’s demand under section 669-a there was no outstanding information or complaint upon which defendant could be tried. In addition, he held that the defendant was not entitled to relief under section 668 of the Code of Criminal Procedure because the time that elapsed from the date of the indictment to the making of the motion 11 cannot be said to amount to an unreasonable length of time ”. Defendant thereupon pleaded guilty to the crime of petit larceny, reserving his right to appeal on the propriety of the Judge’s order (People v. Chirieleison, 3 N Y 2d 170). Defendant was sentenced to one year in the Westchester County' penitentiary. The Appellate Division subsequently affirmed without opinion and an Associate Judge of this court granted leave to appeal.
The defendant contends here, as in the courts below, that he is entitled to have the indictment dismissed under section 669-a or section 668 of the code.
The preliminary, and in this case dispositive, question is whether section 669-a had any application to the “information ” filed against defendant in the North Tarrytown Police Court. This section says, as far as relevant, that an incarcerated defendant may demand disposition of any pending ‘ ‘ untried indictment, information or complaint ’ ’ within 180 days after the giving of notice of the demand to the appropriate District Attorney and court (see People v. Masselli, 13 N Y 2d 1). *306 However, the information laid before the Police Justice was not a “ triable ” information. It was what is commonly known as a felony information; that is, an accusation of crime but of crimes not within the subject-matter jurisdiction of the Police Justice. On the basis of this felony information, the Police Justice could issue a warrant of arrest; could hold a preliminary hearing; could set bail; could assign counsel; but could not try the crimes charged because they were felonies. It is rather the misdemeanor information upon which a court inferior to the Supreme Court may act that the statute obviously refers to (cf. Code Crim. Pro., § 222). To say that the fact that two disparate things, a felony information and a misdemeanor information, are to be treated alike is not reasonable within the context of section 669-a. Quite obviously, the felony information here could not be tried in the Police Court and, therefore, could not properly be classified as an “untried” information within the purview of section 669-a of the code (see People v. Goldman, 24 Misc 2d 497).
Defendant also claims that his motion to dismiss the indictment should be granted on the grounds of general delay. The leading case in this area is People v. Prosser (309 N. Y. 353), which supplies the following guiding principles:
“ The guarantee of a speedy trial — embodied in the United States Constitution and in the constitutions of many states — is found in section 8 of the New York Code of Criminal Procedure. In so many words, that section announces that ‘ In a criminal action the defendant is entitled * * * To a speedy and public trial. ’ Section 668 of the Code, providing the means by which the defendant may enforce his right, declares: ‘ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown. ’
“ The speedy trial guarantee, preventing undue delay between the time of indictment and trial, serves a threefold purpose. It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and *307 public suspicion attendant upon an untried accusation of crime; and, finally, like statutes of limitation, it prevents Mm from being ‘ exposed to the hazard of a trial, after so great a lapse of time ’ that ‘ the means of proving his innocence may not be within his reach ’ —as, for instance, by the loss of witnesses or the dulling of memory. * * *
“While the first two considerations noted above may not loom large in the case of a defendant in prison for another offense, there can be no dispute that it is vital, even for him, that the trial be had while witnesses are available and memories fresh ”. (309 N. Y., supra, pp. 356-357; see, also, People v. Winfrey, 20 N Y 2d 138, decided June 1, 1967; Klopfer v. North Carolina, 386 U. S. 213).
Of course, the question of what constitutes undue delay after indictment is primarily a question of fact (People v. Prosser, supra, p. 360; cf. Beavers v. Haubert, 198 U. S. 77, 87). The trial court here held that the four and one-half months between indictment and the making of the motion herein was not unreasonable delay. Although the District Attorney offers no excuse for the passage of this brief period, it cannot be said, either as a matter of fact or law, that a four and one-half month lapse of time warrants relief under section 668 of the code (see e.g,, People v. Prosser, supra; People v. Masselli, 11 A D 2d 722; People v. Sylvester, 50 Misc 2d 677; People v. Morton, 50 Misc 2d 890; People v. Quiller, 47 Misc 2d 810; compare Klopfer v. North Carolina, supra, where there was possible an infinite delay in trial under the North Carolina law).
Accordingly, the judgment, should be affirmed.