Scileppi, J.
The facts herein are not in dispute. On February 2, 1966, while appellant was incarcerated at the Federal Peni *373 tentiary in Atlanta, Georgia, a Richmond County Grand Jury returned an indictment charging that on July 22, 1963 appellant committed robbery in the first degree, grand larceny in the second degree and assault in the second degree. This indictment (hereinafter referred to as the 1966 indictment) led to the conviction from which defendant appeals. On May 11, 1966 appellant wrote to the Richmond County District Attorney and inquired as to the status of a prior 1964 indictment.[1] The reply was that trial would commence at the earliest possible date. No mention was made of the 1966 indictment, then four months old. On November 16, 1966, two months after appellant had moved to dismiss the 1964 indictment, the District Attorney acted to have the Federal authorities produce appellant in New York in connection with the 1964 indictment. Thereafter on December 9, 1966 a warrant was lodged in Georgia in connection with the 1966 indictment. By this time, however, appellant had already been transferred to the Federal Detention Headquarters in New York City. Appellant was arraigned on both indictments on J anuary 4,1967 and pleaded not guilty.
On June 1, 1967 appellant’s motion (made on April 3, 1967) to dismiss the 1966 indictment under sections 8 and 668 of the Code of Criminal Procedure was denied. He thereafter withdrew his plea of not guilty and pleaded guilty to the reduced charge of petit larceny.[2] He received a one-year sentence and commenced service of this sentence upon his discharge from the Federal Penitentiary (March 11,1968).
Appellant argues that the 11-month delay between the rendering of the 1966 indictment (February 2, 1966) and the date of his arraignment (January 4, 1967) deprived him of his right to a speedy trial (see Code Crim. Pro., § 8). We agree. Appellant moved to dismiss the 1966 indictment under section 668 of the Code of Criminal Procedure which provides as follows: “If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the *374 indictment to be dismissed, unless good cause to the contrary be shown.”
While motions under this section are addressed to the discretion of the court (see People v. Alfonso, 6 N Y 2d 225; People v. Abbatiello, 30 A D 2d 11), it is incumbent upon the People to establish good cause so as to justify a delay and allow the court, in the exercise of that discretion, to sustain the indictment (People v. Prosser, 309 N. Y. 353). The People in this case have not met that burden. Appellant’s incarceration in Federal prison “affords neither explanation nor" excuse ” (People v. Piscitello, 7 N Y 2d 387, 389) and the fact that appellant’s attorney answered ‘ ‘ ready ’ ’ to calendar calls does not spell out a waiver of the right to a speedy trial. On the contrary, it indicates that appellant wished a trial at the earliest possible date.
Notwithstanding the District Attorney’s concession that he knew where appellant was and that he did nothing to secure his return to New York, he asks us to hold that the delay was not unreasonable. We cannot agree. While it is clear that not every delay of this nature should be deemed, a denial of the right to a speedy trial, we are of the opinion that the circumstances of this case require a reversal of the conviction and a dismissal of the indictment. Inasmuch as the delay here was due solely to the inaction of the District Attorney who also neglected to fully apprise appellant of the indictments against him and because of the failure of the People to offer any valid excuse (see People v. Winfrey, 20 N Y 2d 138; People v. Bryant, 12 N Y 2d 719; People v. Piscitello, supra; People v. Segura, 6 N Y 2d 936; People v. Prosser, supra), we hold that, under the facts of this case, appellant was denied his right to a speedy trial.
Since, in our opinion, the pre-arraignment delay justifies a reversal, we do not reach the question whether the two-and-one-half-year delay between the date of the crime and the date of the indictment deprived him of any constitutional rights.
Accordingly, the judgment of conviction should.be reversed and the indictment dismissed.
Chief Judge Fuld and Judges Burke, Bergan, Breitel and Gibson concur with Judge Scileppi; Judge Jasen concurs in result.
Judgment reversed, etc.

. This indictment charged unrelated crimes and is not involved in this appeal.

. He also pleaded guilty to the 1964 indictment and received a suspended sentence. He did not appeal from that judgment of conviction.