Wachtler, J.
(dissenting). The question in this case is whether the defendant has been denied his right to a speedy trial when, following his arrest, the prosecutor took no further action on the case for over 12 months because he had misplaced the defendant’s file. The trial court held that the defendant’s rights had been violated, and dismissed the indictment. The Appellate Division reversed.
There is a threshold question as to what standard applies. The defendant relies on a long line of decisions from our court which hold two factors determinative: (1) the length of the delay and (2) the reason for the delay. (See, e.g., People v Prosser, 309 NY 353; People v Piscitello, 7 NY2d 387; People v Bryant, 12 NY2d 719; People v Masselli, 13 NY2d 1; People v Winfrey, 20 NY2d 138; People v Wallace, 26 NY2d 371; People v Ganci, 27 NY2d 418; People v Minicone, 28 NY2d 279.) *448 Where the delay is lengthy, the burden is on the prosecutor to justify it. When the prosecutor cannot offer a good excuse, we have held that a delay of 11 months is fatal (People v Wallace, supra). When the delay is due to causes beyond the prosecutor’s control, such as calendar congestion, a delay of 16 months was held to be tolerable (People v Ganci, supra). But even then we were quick to note that 16 months "seems to have approached the excusable limit of delay attributable to the absence of trial facilities” (People v Minicone, supra, at p 281). Here the delay is not attributable to calendar congestion but rather to the prosecutor’s negligence. Under settled law this "affords neither explanation nor excuse” (People v Piscitello, supra, at p 389; People v Wallace, supra, at p 374), and warrants dismissal of the indictment (People v Wallace, supra).
These decisions of course were based on a statutory speedy trial right (see Civil Rights Law, § 12; Code Crim Pro, §§ 8, 667, 668). The Sixth Amendment speedy trial guarantee was not made applicable to the States until 1967 (Klopfer v North Carolina, 386 US 213). And it was not until 1972 that the Supreme Court attempted to define the limits of the Federal right (Barker v Wingo, 407 US 514; see, also, Uviller, Barker v Wingo: Speedy Trial Gets A Fast Shuffle, 72 Col L Rev 1376).
In Barker the Supreme Court established four factors to be considered in determining whether there had been a speedy trial violation (at p 530). The two factors which we had considered determinative — length of delay and reason for delay — were given prominence. However, the court also indicated that the States could consider whether the defendant had demanded a speedy trial, and whether he could demonstrate any prejudice resulting from the delay. These last two factors had never been considered decisive under New York law (see, e.g., People v Blakley, 34 NY2d 311, 316, 317).
The People rely heavily on the Barker standards. Noting that the defendant did not actively demand a speedy trial, and made no effort to show that he was actually prejudiced by the delay, the People urge that he is not entitled to have the indictment dismissed. In other words, the People assume that since the defendant’s right to a speedy trial is now guaranteed by the Federal Constitution, his rights have been diminished.
On oral argument this position was buttressed by a claim that our past opinions are no longer relevant because they are based on statutes which have since been repealed. Actually *449 our prior decisions generally sought to interpret and apply four different statutes (Civil Rights Law, § 12, Code Crim Pro, §§ 8,667, 668).
Section 12 of the Civil Rights Law states: "in all criminal prosecutions the accused has a right to a speedy and public trial.” This statute is still in effect. In the same vein subdivision 1 of section 8 of the Code of Criminal Procedure provided: "In a criminal action the defendant is entitled 1. To a speedy and public trial”. In 1971 this statute was replaced by CPL 30.20 which, in nearly identical terms, guarantees that "After a criminal action is commenced, the defendant is entitled to a speedy trial.” Thus two of the statutes remain unchanged.
Sections 667 and 668 of the Code of Criminal Procedure provided that the defendant was entitled to have the prosecution or the indictment dismissed when he has been held, but not indicted (Code Crim Pro, § 667) or having been indicted, was not brought to trial "at the next term of court * * * unless good cause to the contrary be shown.” These sections were repealed in 1971 with the Code of Criminal Procedure in order to make way for the Criminal Procedure Law and the concept of a fixed time period was not immediately carried forward into the new statute.[1] However there is nothing in the legislative history to indicate any intention to modify or abandon the general speedy trial principles we had established and refined over the years. (See, e.g., Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30.) On the contrary, the goal was simply to eliminate the stated time limitation, i.e., "at the next term of the court”, which had "proved wholly ineffectual” (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.20, p 79). This requirement, which apparently derived from the English Habeas Corpus Act of 1679 (see Amsterdam, Speedy Criminal Trial: Rights and Remedies, 27 Stan L Rev 525, 533), had never been literally applied in modern times (see, e.g., People v Henderson, 20 NY2d 303, 307) and its elimination simply brought the statute in line with existing case law.
In short the standards governing the statutory right to a *450 speedy trial, which we have long observed, still apply, and the defendant is not obliged to show prejudice or affirmatively demand that his rights be observed. This is not to say, of course, that these factors are completely irrelevant. At times they must be considered, particularly where the defendant’s constitutional right is asserted. If for instance a short delay is involved (see, e.g., People v Henderson, supra) or the People can show good cause (see, e.g., People v Ganci, 27 NY2d 418, supra) the defendant might still be entitled to a dismissal if he can demonstrate actual prejudice or a consistent demand for a speedy trial (People v Blakley, 34 NY2d 311, 317, supra). But when the delay is unreasonably long and the People have not shown good cause, the defendant may rely on his statutory rights without proving more (People v Prosser, 309 NY 353, supra; People v Wallace, 26 NY2d 371, supra).
Whether the delay is unreasonable depends on the circumstances of the particular case (People v Prosser, supra, at p 357). If the charge is serious or complex, it is to be expected that the prosecutor will require more time than usual in preparing the case for trial. But what might be reasonable delay under these circumstances, may be intolerable when a minor, relatively common street crime is involved. Thus the nature of the charge must be considered in determining the significance of the delay. This reflects the legislative intent underlying the statutory right (cf. CPL 30.30, subd 1) and is also in accord with the minimum standards established by the Supreme Court (Barker v Wingo, 407 US 514, supra).
Here, of course, one of the crimes charged (assault first degree — a class C felony, Penal Law, § 120.10) is, on its face, quite serious, although on the facts it appears to be less so.[2] But it is not as serious as the crime charged in Wallace (robbery in the first degree, now a class B felony, Penal Law, § 160.15), where we held an 11-month delay to be unreasonable. Actually the 12-month delay involved here is even more unreasonable, not so much because it is longer, but primarily because of the stage at which it occurred.
In Wallace the delay complained of occurred after indictment. In fact the defendant finally pleaded guilty so that when the case reached this court, the criminal proceedings *451 had been completed. Here the delay occurred prior to indictment and there is no end in sight. Certainly any open-ended delay occurring at the outset of the criminal proceedings must necessarily weigh more heavily against the People than a similar delay occurring during the final stages when the criminal process is nearing completion.
Accordingly the order of the Appellate Division should be reversed and the order of the Nassau County Court reinstated.
Chief Judge Breitel and Judges Jasen and Jones concur with Judge Gabrielli; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judges Fuchsberg and Cooke concur.
Order affirmed.

. In 1972 the Legislature enacted CPL 30.30 (L 1972, ch 184) providing once again for automatic dismissal unless the defendant be brought to trial within specified time periods, depending on the gravity of the offense. Since however this action was commenced prior to the effective date of that statute (May 1, 1972) it has no application to this case.

. On oral argument we were informed that the defendant, a college student who was apparently drunk, fled from a police officer who had demanded his driver’s license. In the process, the defendant’s car ran over the officer’s toes without breaking any bones or causing permanent injury.