*1061 OPINION OF THE COURT
John M. Leventhal, J.
Defendant moves for the dismissal of his indictment for criminal contempt in the first and second degrees on grounds that the nearly three-year delay between his indictment and his arraignment violated his constitutionally guaranteed right to due process and to a speedy trial. Alternatively, defense counsel asks that the court grant a hearing in order to assess the merits of the prosecution’s assertion that the delayed arraignment was justified because of the defendant’s refusals to be fingerprinted and the attendant civil liability concerns that forceful fingerprinting would have raised.
Statement of Facts
On May 14, 2001, David Brown pleaded guilty to attempted murder in the second degree, for which he was sentenced to 6V2 years in jail. The defendant’s victim, Cynthia Brown, received an order of protection against the defendant precluding him from making any attempts to contact her. The order of protection remains in effect until November 24, 2010.
Between May 22, 2003 and July 23, 2003, the defendant allegedly violated the order of protection by sending letters to Cynthia Brown. As a result, David Brown was indicted on August 29, 2003 for violating the order of protection. At the time of his indictment, the defendant was incarcerated pursuant to the terms of the aforementioned guilty plea.
Attempts to fingerprint the defendant were made on September 24, October 2, and October 3, 2003. The defendant refused to submit to being fingerprinted on each occasion. Eventually, Mr. Brown submitted to fingerprinting.[1] He was arraigned on the indictment on June 12, 2006 after his parole on the attempted murder conviction and nearly three years after being indicted.
Discussion
The right to a speedy trial is guaranteed by both federal and state law. (US Const 6th Amend; CPL 30.20.) The Supreme Court has distinguished the right to a speedy trial “from any of the other rights enshrined in the Constitution for the protection *1062 of the accused,” recognizing that, “[i]n addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused.” (Barker v Wingo, 407 US 514, 519 [1972].) Concerns of procedural fairness and societal interests notwithstanding, the “deprivation of the right to a speedy trial does not per se prejudice the accused’s ability to defend himself’ because “there is no fixed point in the criminal process when the state can put the defendant to the choice of either exercising or waiving the right to a speedy trial.” (Id. at 521-522.)
To determine whether a defendant’s right to a speedy trial has been violated, the Supreme Court directs lower courts to balance the conduct of the prosecution and the defendant in causing the delay. The specific, nondispositive factors that should be considered in weighing the conduct of each side include (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right, and (4) the prejudice to the defendant. (Id. at 530.) In People v Taranovich, the Court of Appeals also examined the nature of the underlying charge and whether there had been an extended period of pretrial incarceration to the list of considerations. (People v Taranovich, 37 NY2d 442, 445 [1975].)
Although a greater delay presumptively harms a defendant, “what amounts to an undue delay is ‘not fixed by the statute in days or months,’ depending as it does ‘upon the circumstances of each particular case.’ ” (People v Prosser, 309 NY 353, 357 [1955], citing People v Hall, 51 App Div 57, 62 [1900].) For example, a delay of 42 months was not found to have violated the defendant’s right to a speedy trial (see People v Singer, 44 NY2d 241 [1978]) while an 11-month delay did trigger a violation. (People v Wallace, 26 NY2d 371 [1970].)
The prosecution’s failure to secure a defendant’s appearance in court when he was incarcerated in federal prison and the lack of a valid excuse for this oversight have been deemed invalid justifications for an 11-month delay between indictment and arraignment. (People v Wallace, 26 NY2d 371, 374 [1970].) The unavailability of a defendant’s fingerprints at arraignment, the prosecution’s failure to determine whether the prints existed, and the People’s failure to justify why the prints were not obtained also did not justify the prosecution’s failure to move forward with its case. These factors resulted in the dis *1063 missal of a misdemeanor drunk driving charge. (People v Ashkinadze, 167 Misc 2d 80 [1995].)
In the matter sub judice, the court is precluded from dismissing the indictment on speedy trial grounds under the statutory requirements by which the court is bound and the particular circumstances of this case.
Procedurally, the People could not move forward with its case against the defendant because fingerprinting is a necessary precondition to arraignment when the defendant is charged with a felony or a prespecified misdemeanor. (CPL 160.10 [1].) The crimes for which the defendant has been indicted, criminal contempt in the first and second degrees, are respectively classified as a class E felony (Penal Law § 215.51) and a class A misdemeanor (Penal Law § 215.50), both of which require fingerprinting as a precondition to arraignment.
The police are authorized to hold a person who has been arrested for a fingerprintable offense, but who refuses to be fingerprinted, pending the receipt of a court order compelling the person to submit to fingerprinting. (People v Batista, 128 Misc 2d 1054, 1056 [1985].) However, CPL 130.60 requires that the court compel fingerprinting only when the defendant has been arraigned on a felony or prespecified misdemeanor offense. Because no arraignment had occurred in the present case, the court was neither able nor required to compel the defendant to submit to fingerprinting. Although the court could have exercised its discretion and ordered that the defendant be fingerprinted by force, such an order would have exposed both the defendant and law enforcement personnel to possible physical injury. In addition, the police would have been exposed to a civil lawsuit had the defendant been hurt during the execution of the force order.
The court has recognized that waiting for a defendant to complete one sentence before moving forward with a prosecution on separate unrelated charges may produce special hardships for the defendant. (People v Singer, 44 NY2d 241 [1978].) Specifically, “the delay may effectively extend the period of incarceration by foreclosing the possibility of a concurrent sentence.” (Id. at 254.) In the instant case, however, there was no possibility that the defendant would have received a concurrent sentence had he been convicted of any criminal contempt charge. Under Penal Law § 70.25 (2-a), which was in effect until September 30, 2005 and which was subsequently renewed when a sentence is imposed on a second felony offender, a persistent *1064 violent felony offender, or a persistent felony offender who “is subject to an undischarged . . . determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.”
“The primary responsibility for assuring prompt prosecution rests with the prosecutors.” (People v Staley, 41 NY2d 789, 793 [1977].) “[T]he mere failure of the defendant to take affirmative action to prevent delay may not, without more, be construed or treated as a waiver” of the right to a speedy trial. (People v Prosser, 309 NY 353, 358 [1955].) Although the defendant is under no obligation to push for trial, the court must consider the fact that he affirmatively contributed to the delay of his adjudication. The defendant cannot be the impediment that prevented him from receiving a speedy trial and then claim that his right to a speedy trial was violated.
The defense’s assertion that the delayed arraignment was caused by prosecutorial inertia is directly contradicted by two undisputed facts. First, three attempts were made to fingerprint the defendant very soon after his indictment. Secondly, the defendant was arraigned four days after he voluntarily submitted to fingerprinting. Had the defendant submitted to fingerprinting, his case would have proceeded in an expeditious manner.
After considering all of the prescribed factors, the court finds that the length of the delay is not excessive in light of the circumstances;[2] that the defendant was instrumental in causing the delay; that the defendant’s claim of prejudice is without merit since he was subject to a consecutive, not a concurrent, sentence; and that there was no extended pretrial incarceration.
For the foregoing reasons, the defendant’s motion to dismiss the indictment pursuant to due process and speedy trial standards is denied in all respects.

. No information was provided as to the date when the defendant was ultimately fingerprinted. An examination of the “rap sheet” contained in the court files reveals that defendant was fingerprinted on June 8, 2006.

. By statute, prosecution for a felony must be commenced within five years after the commission of the crime (CPL 30.10 [2] [b]) while prosecution for a misdemeanor must begin within two years after the commission of the crime. (CPL 30.10 [2] [c].) Proceedings against the defendant on charges of criminal contempt in the first and second degrees, a felony (Penal Law § 215.51) and a misdemeanor (Penal Law § 215.50), respectively, were initiated well within the prescribed statute of limitations and his arraignment occurred within the statute of limitations for the felony. (CPL 30.10 [2] [b], [c]; see also Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.10, at 169.)