■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFREDO (FREDDIE) RACASSI, Appellant.— Appeal from (1) a judgment of the County Court, Orange County, rendered September 16, 1968, convicting defendant of carnal abuse of a child and assault in the second degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, entered March 21, 1968, which denied defendant's motion to dismiss the indictment for failure to afford him a speedy trial. Judgment and order reversed, on the law, and indictment dismissed. The findings of fact implicit in the verdict of the jury are affirmed. Defendant was indicted on November 1, 1965, arraigned on November 15, 1965, and his trial commenced April 22, 1968. He contends that this interval between the indictment and the trial denied him his right to a speedy trial as provided by section 8 of the Code of Criminal Procedure and section 12 of the Civil Rights Law. We agree with this contention. The law is clear that a *defendant must be given a speedy trial,* but this right is relative. The question of a speedy trial depends on whether the prosecution has good cause for any delay (*People* v. *Prosser,* 309 N. Y. 353) and whether the defendant has asked for or acquiesced in any postponements (Code Crim. Pro., § 668). Where there has been any delay in trial, the burden is on the prosecution to prove good cause (*People* v. *Darrah,* 29 A D 2d 816). If there is a claim that the defendant

waived his right to a speedy trial, it must be supported by evidence more substantial than that the defendant did not make explicit requests for a trial or that he made motions on matters unrelated to the question of waiver (*People* v. *Prosser, supra*). Defendant was free on bail during the entire interval of 29 months between his arraignment and the commencement of his trial. The People account for this delay of 29 months by stating that murder cases and other cases in which the defendants were in jail consumed the Trial Calendar during this period and that on one occasion, in May of 1967, the trial was delayed by defendant's motion for a *Huntley* hearing concerning the admissibility of confessions. On another occasion, in June of 1967, defense counsel was on vacation. There is no explanation as to at least three months in the interval between defendant's arraignment and his motion for a *Huntley* hearing. In addition, the People did not deny defense counsel's assertion that bail cases in which the indictments and arraignments postdated defendant's indictment and arraignment were tried prior to this case. Finally the trial took only three days, but on four occasions in the 29-month interval separate murder trials which consumed an entire term were commenced. On these grounds the People have not sustained their burden of showing good cause for the delay. There is no evidence that defendant acquiesced in any delays prior to June of 1967, when his attorney was on vacation, or that his motion in May of 1967 for a *Huntley* hearing was an acquiescence in the prior course of his case on the trial calendar. The failure of the prosecution to satisfactorily explain why this relatively short trial took nearly 2½ years to commence necessitates a finding that defendant was deprived of his right to a speedy trial. *People* v. *Bryant* (12 N Y 2d 719) is a strong precedent for reversing this conviction. In that case there was a 23-month interval between indictment and arraignment and the Court of Appeals held that a delay of that length is prima facie unreasonable and that the People had failed to establish good cause for the delay. Furthermore, in *Bryant* the court stated that the defendant's failure to demand final disposition of his charges was not a waiver of the right to a speedy trial. Section 668 of the Code of Criminal Procedure states that where a trial has been postponed beyond the term after that of the indictment, not upon application of the defendant and without a showing of good cause, the court may order the indictment dismissed (see, also, *People* v. *Piscitello,* 7 N Y 2d 387). In accordance with this statute, the indictment against defendant should have been dismissed. None of the other issues raised by defendant merits reversal of the judgment of conviction, but in view of the determination that defendant was denied a speedy trial, it is unnecessary to discuss them. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.