Bergan, J.
A delay of almost four years between the indictment of defendants on September 28, 1965 and their trial June 17, 1969, at which they were convicted of assault, second degree, and maiming, has effectively deprived them of their constitutional and statutory right to a prompt trial (Civil Rights Law, § 12; Code Grim. Pro., § 8, subd. 1; People v. Prosser, 309 N. Y. 353). Prosecutions in State courts are now governed by Sixth Amendment requirements for expedient trial (Klopfer v. North Carolina, 386 U. S. 213).
Although the People show excuse for some of the delay attributable to pretrial procedures in which defendants must be deemed to have acquiesced, there are very long periods of *281 delay which are substantially left unexplained in the record. One of these periods is from February 16, 1967 to January 2, 1968. Another and even longer period is from January 10, 1968 until April 18, 1969, when the motion to dismiss was made.
The case is distinguishable, therefore, from People v. Ganci (27 N Y 2d 418) where there was a delay of 16 months which was attributable to the limitations on court facilities in spite of the consistent readiness of the People to try the case.
But even there two of the Judges of the court were of opinion that the lack of public trial facilities was not good enough a ground to excuse the 16-month delay (p. 430) and the period there considered seems to have approached the excusable limit of delay attributable to the absence of public trial facilities.
The obligation is on the prosecutor to move the trial promptly and no demand by the accused is required to actuate this obligation (People v. Prosser, 309 N. Y. 353, supra; People v. Masselli, 13 N Y 2d 1, 6; People v. Darrah, 29 A D 2d 816).
What is an unreasonable delay is a question of degree affected by the circumstances of the particular case. Long delays in the prosecution of criminal cases not only affect adversely the rights of the individual accused but have consequences which reflect on the efficiency and fairness of the criminal law.
Both the Federal courts (Dickey v. Florida, 398 U. S. 30; Klopfer v. North Carolina, 386 U. S. 213, supra) and the courts of New York (People v. Winfrey, 20 N Y 2d 138; People v. Bryant, 12 N Y 2d 719; People v. Piscitello, 7 N Y 2d 387; People v. Racassi, 32 A D 2d 928) have been tightening the requirement that criminal prosecutions move expeditiously.
The present case may usefully be compared with People v. Bryant (12 N Y 2d, at p. 720) where a two-year delay for which the People had “failed to establish good cause” was deemed “ prima facie unreasonable ”.
The judgment should be reversed and the indictment dismissed.