**UNITED STATES of America**
**v.**
**Harry B. BARON, Defendant.**
**No. 65 Cr. 354.**

United States District Court,
S. D. New York.
June 14, 1971.

---

Whitney North Seymour, Jr., U. S. Atty., by David V. Keegan, Asst. U. S. Atty., New York City, for plaintiff.

Lauritano & Schlacter, New York City, for defendant.

MOTLEY, District Judge.

*Memorandum Opinion*

This is a motion brought pursuant to Fed.R.Crim.P. 48(b) and the Sixth Amendment of the United States Constitution to dismiss the instant indictment on the ground that there has been unnecessary delay in presenting the case to the grand jury and in bringing the defendant to trial.

Defendant was arrested on March 5, 1964, and arraigned the same day on a complaint which charged him with a violation of 18 U.S.C. §§ 1084, and 2.[1] The essence of the charge is that defendant unlawfully used the telephone to transmit wagering information, and caused others to do so. The offenses were alleged to have been committed in March 1962. The instant indictment was filed on April 14, 1965, more than a year after

---

1. 18 U.S.C. § 1084 provides in pertinent part:

"Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest, or for the transmission of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers, or for information assisting in the placing of bets or wagers, shall be fined not more than $10,000 or imprisoned not more than two years, or both."

18 U.S.C. § 2 is the aiding and abetting statute.

defendant's arrest. Defendant was arraigned on the indictment in June 1965 and released on bail.

No action was taken on the case thereafter until December 10, 1968, when it was marked off the calendar at the Government's request. There had been a number of adjournments of the case in the interim. These had been obtained by the Government with defendant's consent. (August 30, 1965; May 11, 1967; seven dates in 1968, beginning in January and ending in December, 1968). There were adjournments, as well, in January and February of 1970.

In December, 1969, the case appeared on the calendar for trial assignment to a judge, but this was not done until March 15, 1971, when defendant was notified by the Government that the case had been assigned to the undersigned for trial.

At a pretrial conference held subsequently, the case was set down for a May 26, 1971, trial. Defendant thereafter filed his motion to dismiss.

 It is well settled law in this Circuit that a court considers four elements in determining speedy trial motions: the length of the delay, the reason for it, the resultant prejudice to defendant, and facts demonstrating waiver of the right. United States v. Smalls, 438 F.2d 711 (2d Cir., 1971); United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 90 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed.2d 236 (1969); United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963).

Rule 48(b) of the Fed.R.Crim.P. implements the speedy trial right guaranteed by the Sixth Amendment, (United States v. Dooling, 406 F.2d 192, 196 (2d Cir. 1969) and the cases cited therein), and the same factors are considered in passing on a motion to dismiss brought under that rule.

 The length of the delay involved here is six years, dating from the time of indictment, i. e., April 14, 1965. Such delay is by any standard shockingly long.

See United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); United States v. Perez, 310 F.Supp. 550 (S.D.N.Y.1970); United States v. Skinner, 308 F.Supp. 1221 (S.D.N.Y.1969); United States v. Chin, 306 F.Supp. 397 (S.D.N.Y.1969); United States v. Mann, 291 F.Supp. 268 (S.D.N.Y.1968); United States v. Richardson, 291 F.Supp. 441 (S.D.N.Y.1968); United States v. Roberts, 293 F.Supp. 195 (S.D.N.Y.1968).

 The court finds the explanation the Government offers for its dilatoriness in bringing the matter to trial unsatisfactory. The Governnment says that the reason it did not proceed expeditiously is because the facts of this case, and the facts of some ten other indictments returned at the same time, presented a novel question of law regarding the applicability of 18 U.S.C. § 1084 to such facts. All eleven indictments presented the question whether one who makes his living by disseminating by means of wire communications in interstate commerce information (tips) of some value to wagerers (e. g., horse players) violates Section 1084. The Section previously had been applied only to defendants who had provided services such as communicating the results of races run in widespread sections of the United States, directly to "bookies." The facts of the instant indictment thus involved an expansion of the applicability of the Section. The Government then says that a single Assistant United States Attorney was assigned to try all eleven cases serially in order to see how the court would rule on the question of the applicability of the statute and to accumulate knowledge as to how such cases are best tried. The cases brought under the Section developed as follows: In United States v. Sekular, 65 Cr. 348, a guilty verdict was returned in June, 1966; a plea of guilty was entered in United States v. Winston, 65 Cr. 355, in 1967; In December, 1969, Judge Tyler acquitted Perry Alpirn, 65 Cr. 352, finding that Section 1084 was not violated by the facts as stipulated to by counsel; in February, 1971, Judge

Mansfield did find a violation on similar stipulated facts to those in Alpirn (United States v. Grossman, 65 Cr. 351); Irving King was acquitted before Judge Wyatt in March, 1971 (65 Cr. 346); two other remaining indictments have been *nolle prosequi*; four other cases, including the instant case, remain to be tried. The Government next says: "The rather inconsistent results obtained by the Government in these cases is in large part responsible for the delay in bringing these cases to trial." Affidavit in Opposition, p. 3.

■ This is not the kind of justification for governmental delay in bringing a criminal case to trial which the courts have accepted as "reasonable." See e. g., United States v. Simmons, 338 F.2d 804 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed. 2d 276 (1965) (need to complete undercover work); United States v. Brown, 188 F.Supp. 624 (S.D.N.Y.1960) (need to further investigate crime). Rather, this is the very type of "purposeful" delay against which the Sixth Amendment seeks to guard. See Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). The rights of this defendant should not have been "sacrificed" in order to give Government lawyers a chance to "practice."

The court finds that defendant has been prejudiced by the long and improper delay. First, defendant has been subject to the "ignominy and psychological burden of a public indictment" for over six years, (United States v. Alo, 439 F.2d 751, 756, n. 11 (2d Cir., 1971), while the Government waited to determine whether there was any legal basis for applying the law to the facts presented.

Secondly, defendant suffers from Paget's Disease (hypertrophy and deformation of the bony tissue), which, over the years which have elapsed, has become much worse, making it difficult for defendant to physically participate in preparing his defense with the aid of counsel. Defendant is now fifty-nine years of age. The facts go back nine years. The lapse of time involved here makes it self-evident that the facts must now be dusted off by both Government and defendant in an effort to establish the charge and present a defense. Indeed, the delay here "might be so substantial as to be [itself considered] prima facie prejudicial." United States v. Simmons, *supra*, 338 F.2d at 808. See United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 90–91 (2d Cir. 1969).

■■ Lastly, the court considers the element of waiver. In this Circuit one must "demand" a speedy trial or be deemed to have waived the right to it. United States v. Lustman, *supra*; Maxwell v. United States, 439 F.2d 135 (2d Cir., 1971); United States v. Fitzpatrick, 437 F.2d 19 (2d Cir., 1970); United States v. Haggett, 438 F.2d 396 (2d Cir., 1971); United States v. Smalls, *supra*. However, the waiver element is only one of the four elements to be considered by the court and need not be dispositive. Here the case was marked off the calendar by the Government in December 1968, after three and one half years. Defendant had every right, at that juncture, to believe that the prosecution had been abandoned. One cannot realistically expect a defendant to move to dismiss an indictment which the Government apparently has abandoned. See, United States v. Mann, *supra*, 291 F.Supp. at 274–275. The New York Court of Appeals has recently ruled that there is no legal duty on a defendant to move for a speedy trial. People of the State of New York v. Minicone, 28 N.Y.2d 279, 321 N.Y.S. 2d 570, 270 N.E.2d 300 (1971). The delay involved in the case was approximately four years between indictment and trial, and there was evidence that the defendants had acquiesced in it. No "demand" was ever made. The court, noting that the Sixth Amendment requirement for expedient trials governs prosecutions in state courts, said, "The obligation is on the prosecutor to move the trial promptly and no demand by the accused is required to actuate this obligation." It further noted that federal

courts in cases such as Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) have been tightening requirements to insure expedition of criminal cases. The indictment was dismissed. See also, People v. Prosser, 309 N.Y. 353, 358, 130 N.E.2d 891 (1955) to the same effect. Recent "Second Circuit Rules Regarding Prompt Disposition of Criminal Cases" (promulgated January 5, 1971, effective July 5, 1971) now sanction dismissal of an indictment if not tried within six months even without a showing of prejudice by the defendant, provided no good cause for delay has been shown. And one Supreme Court Justice has indicated that it is at least an open question whether a defendant must make such a demand. Dickey v. Florida, *supra*. (Mr. Justice Brennan concurring, 398 U.S. at 38–40, 90 S.Ct. 1564).

Here, the case was restored to the calendar (December, 1969), a year after being marked off by the Government. It then took more than a year before the case was finally assigned to a judge for trial. Although this latter fact demonstrates that defendant's attorney was remiss in not moving for a speedy trial to protect his client's rights long prior to the instant motion, he did not completely waive the right in the sense that he made no motion and raised the question for the first time after conviction or on appeal which is the usual and customary context in which a waiver question is considered. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Defendant has now made this motion relying on the decision of the N.Y. Court of Appeals to the effect that he need not have made a demand for a speedy trial in order to prevail upon this motion. As pointed out above, although waiver is a factor to be considered by this court, it is only one of four to be considered and is not necessarily determinative of the issue. Defense counsel was fully aware of the Government's plan not to bring this case to trial and, perhaps, abandon it if the other first tried cases were

unsuccessful. He represented at least one other defendant already tried. The Government admits defense counsel was aware of its strategy. This court, therefore, holds that although defendant failed to move promptly for a speedy trial, he made his motion when it became clear for the first time that the Government would not abandon the prosecution.

For all of the foregoing reasons, the motion to dismiss is granted.

So ordered.