Jasen, J.
(dissenting). I cannot agree with the majority that the indictment against the defendant for murder should be dismissed and his voluntary plea to manslaughter in the second degree be set aside.
While the majority agree that the right to a speedy trial is necessarily relative, requiring a balance between the interest of the public in bringing criminals to justice and the interest of the citizen in being free from oppressive and vexatious delay, the court nevertheless concludes "that the defendant’s right to a speedy trial was violated” since "he repeatedly sought a speedy trial and * * * that the delay has prejudiced his case”.
First of all, let us consider the 18-month period between defendant’s arrest on January 7, 1972, and his conviction upon his plea of guilty on July 2, 1973, which is the "delay” in issue. Of this period, the defendant either sought or consented to at least one third of that delay. The record indicates that the defendant was indicted by the Bronx County Grand Jury on January 27, 1972. He was arraigned on February 18, 1972, and the case was assigned to Part 14 on March 9. The court papers indicate that on March 9, the case was adjourned to March 22 for a "PTC” (pretrial conference). On March 22, there was a discussion at the bench with defense counsel and the prosecutor, and the case was adjourned to March 29 for "possible disposition”. During this period, negotiations for a possible plea-bargain were conducted, but to no avail, as the defense counsel indicated on March 29 that there would be no plea and stated for the first time his readiness for trial. On that date he said, "I would like to pick a date for trial.” He selected April 11 and the court marked the case for trial accordingly. Although defense counsel stated on March 29 in Part 14 that "we’re ready for trial”, he made two motions on April 10 in Part 12—one for a bill of particulars and another *281 for the appointment of an investigator to interview certain witnesses and assist him in the preparation for trial. On the next day, April 11, defense counsel was informed by the court that the period between the last adjournment and the trial date was too short of a period "to get it through the works” so that another date would have to be set. May 2 was set by the court, to which defense counsel replied "all right”. On May 2, the court granted another adjournment, without objection of defense counsel, to May 25. At the request of defense counsel, the court also set bail at $25,000. While the application for the appointment of an investigator to assist the defendant in his defense was still pending, the defendant made another pretrial motion, on May 15, in preparation for trial, to suppress "a statement made by the defendant to a public servant.” On May 17, the motion was referred to the trial court for a hearing pursuant to CPL 710.60 (subd 3, par [b]). On May 25, the District Attorney stated to the court, "I have communicated with Mr. Schwartz [defense counsel] this morning with respect to this case, and we mutually agreed upon, subject to your Honor’s approval, June 19th.” On June 19, defendant’s counsel requested an adjournment to July 17, 1972, in order that a private investigator, authorized by the court upon application of the defendant, could complete his investigation to assist the defendant in his trial. Finally, on July 17, 1972, the defense indicated that it was ready for trial.
Despite the alleged "readiness”, the record discloses that the defense was not actually prepared for trial until July 17, 1972, at which time pretrial motions and defense investigation were completed. Under such circumstances, the preceding period should not be included in calculating the extent of the delay . Thus, there was delay of slightly less than one year attributable solely to the prosecution. For this period of delay the majority would reverse the conviction and dismiss the murder indictment. I cannot agree.
The delay of slightly less than one year was attributable to the congestion of the homicide criminal Trial Calendar in Bronx County and "the well-founded policy to process indictments in the sequence of their presentment.” (People v Ganci, 27 NY2d 418, 422, cert den 402 US 924.) The majority, by their decision today, have replaced this long standing and "well-founded policy” of priorities of calendaring criminal cases with a requirement that the District Attorney and the court give consideration "to the fact that the defendant was *282 not charged with a predatory crime, the evidence of guilt was not overwhelming, the defense asserted raised a genuine issue for trial and that the defendant’s case depended upon proof which was peculiarly susceptible to erosion by the mere passage of time.”
Even if we were to apply this new standard in determining the order in which criminal cases should be tried, it would not apply to this defendant. The charge against the defendant—a brutal murder with a knife—was heinous. The evidence of guilt was clear, if not overwhelming, since the defendant admitted stabbing the victim. While he raised a "genuine issue” of self-defense during the course of the pretrial proceedings, he completely "retracted” this defense at the time of his plea to manslaughter in the second degree and informed the court "I am guilty”.
I also disagree with the majority’s holding that the defendant’s right to a speedy trial was violated because "the delay has prejudiced his case”. Certainly, this is not a case where the delay is so great that there need be neither proof nor fact of prejudice to the defendant. (People v Taranovich, 37 NY2d 442, 447.) We have previously held that a 16-month delay due to inadequate judicial resources did not, by itself, violate the right of a defendant to a speedy trial. (People v Ganci, 27 NY2d 418, cert den 402 US 924, supra.) Even if 16 months is the "excusable limit of delay attributable to the absence of public trial facilities” (People v Minicone, 28 NY2d 279, 281, cert den 404 US 853), the lapse of slightly less than one year is well within that limitation. Furthermore, since the legal ramifications of the delay involved in this case are questionable, it is incumbent upon the defendant to establish that his defense has been hampered by the delay. Of course, the loss of a material witness as a result of an unwarranted delay of trial would be a sufficient ground for finding prejudice and a violation of the speedy trial right. However, I do not believe that we can accept, as a sufficient predicate for dismissal of the murder charge, the unsworn allegation of the defendant that he has been deprived of a vital witness. The record discloses that at one point the defendant claimed he lost "a very important witness”, while at the time he pleaded guilty, he contended that he had lost "valuable witnesses”. We have no indication as to how many witnesses have become unavailable, what the names of these witnesses are, what they would testify to, and why they have become unavailable. Although *283 the defendant claims that an eyewitness to the altercation has "moved from the area”, there are no facts in the record to verify the departure of the witness, nor does the. record reveal when the unidentified witness may have departed or how long he may have been unavailable. There is no evidence whatsoever that the unidentified witness would have been available even if the trial was held one month after the indictment for murder was rendered. This fact, I believe, is crucial on the question of prejudice to the appellant.
To reverse a conviction and dismiss an indictment in reliance upon so bare a contention is to unjustifiably immunize the defendant and improperly infringe the societal interest in bringing to trial persons accused of crime. (Cf. United States v Ewell, 383 US 116, 121.) Before the drastic remedy of dismissal of the murder indictment is invoked in this case, I believe that the defendant should be required to establish the truth of his contentions of prejudice at an evidentiary hearing. Therefore, in examining the totality of the circumstances present in the record of this case, and applying "a balancing test, in which the conduct of both the prosecution and the defendant are weighed” (Barker v Wingo, 407 US 514, 530), I am compelled to dissent from the decision of the majority. Justice does not require that the defendant be placed beyond the reach of law.
Chief Judge Breitel and Judges Gabrielli, Jones, Fuchs-berg and Cooke concur with Judge Wachtler; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, etc.