■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DAFORNO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on June 30, 1976, convicting defendant, after trial, of robbery in the second degree, unanimously reversed, on the law and indictment dismissed. Defendant was indicted on December 5, 1973. On January 22, 1974, at the request of the People, and even though the defendant objected and asked that this matter "go on" and be "tried now", the case was marked off the calendar pending appellate review of defendant's conviction of an unrelated crime. On September 6, 1974, defendant moved to dismiss this indictment on the ground that he had been deprived of his right to a speedy trial: That motion was denied on October 24, 1974, but the court authorized the defendant to submit an ex parte order dismissing the indictment upon the People's failure to bring it on for trial within 30 days. Needless to say the People did not do so but, instead, expended their resources and manpower in seeking reconsideration of that determination. That application, which was made on November 14, 1974, was not decided until June 20, 1975, when it was denied, with a direction that the trial proceed within 15 days. Such direction obviously amounted to little more than a pious wish which gave rise to further inactivity on the part of the People. After being restored to the calendar on June 23, 1975 the trial herein finally commenced on May 12, 1976. On this record we must conclude that defendant was denied his statutory and constitutional right to a prompt trial. *(People v Minicone,* 28 NY2d 279.) Concur—Murphy, P. J., Lupiano, Evans and Capozzoli, JJ.