■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR R. GATES, JR., et al., Respondents, et al., Defendant.—Appeals (1) from an order of the County Court of Rensselaer County, entered July 11, 1978, which granted defendant Lawrence J. Gates' motion to dismiss the indictment against him and (2) from an order of the County Court of Rensselaer County, entered August 24, 1978, which granted defendant Arthur R. Gates, Jr.'s motion to dismiss the indictment against him. Following an armed robbery in Hoosick Falls, New York on February 7, 1977, defendants were arrested the same day and charged with having committed robbery. They were subsequently indicted for the crime of robbery in the first degree.* On April 14, 1977 respondent Lawrence Gates served a notice of motion seeking, *inter alia,* an order suppressing any statements made and all property seized. Respondent Arthur Gates joined in this motion by letter dated May 21, 1977. A suppression hearing was held before the Honorable Con. G. Cholakis, County Court Judge, on May 26, 1977 and decision was reserved. Lawrence Gates made another motion on June 7, 1977 before Judge Cholakis which Arthur Gates later joined, to dismiss the indictment due to the insufficiency of the Grand Jury minutes. By order entered December 6, 1977, Judge Cholakis denied this motion to dismiss. However, when Judge Cholakis left his position as County Court Judge and took office as a Supreme Court Justice on January 1, 1978, the defendants' motion to suppress had not been decided. Lawrence Gates then sought to dismiss the indictment for failure to comply with the CPL's six-month trial limitation (CPL 30.30, subd 1) by a motion which was returnable on January 17, 1978. Arthur Gates attempted to join in this motion by letter dated January 7, 1978. By order entered July 11, 1978, the Honorable F. Warren Travers, Acting County Court Judge, granted the motion to dismiss as to Lawrence Gates, but found that the letter of Arthur Gates was insufficient to join in

---

* Defendant Gibbons eventually pleaded guilty to a reduced charge and is not a party on this appeal.

the motion. Arthur Gates then brought his own motion to dismiss, pursuant to CPL 30.30 (subd 1), which was argued before the new County Court Judge, the Honorable M. Andrew Dwyer, Jr. Judge Dwyer granted Arthur Gates' motion and dismissed the indictment against him by order entered August 24, 1978. The People now appeal from the orders dismissing the indictments against Arthur and Lawrence Gates. It was error for the County Court to dismiss the indictments on the basis of CPL 30.30. This section requires the People to be ready for trial within six months of the commencement of a criminal action wherein a defendant is accused of a felony. There are, however, certain periods of time which are excluded from the computation of the six-month time period, including the periods resulting from pretrial motions and the time during which such proceedings are under consideration by the court (CPL 30.30, subd 4, par [a]). Despite the People's concession in their brief that the delay caused by the County Court in deciding the motions is attributable to the People, we are not bound by such a concession where it is contrary to law. Delay caused by the trial court is not imputed to the People for purposes of determining whether or not a defendant was granted a speedy trial pursuant to CPL 30.30 *(People v Conrad,* 44 NY2d 863). In the instant case, the criminal action was commenced against the defendants on February 7, 1977 when the felony complaint was filed subsequent to their arrest and arraignment *(People v Kent,* 87 Misc 2d 69; see *People v Sturgis,* 38 NY2d 625). In the case against Lawrence Gates, the People can only be charged with the delay from February 7, 1977 to April 14, 1977, when the motion to suppress was made. In the case against Arthur Gates, the People can only be charged with the delay up until May 21, 1977, when Arthur Gates made application to join in his codefendant's suppression motion. Since the delay chargeable to the People was well below six months, the motions to dismiss on the basis of CPL 30.30 should have been denied. Even though a defendant's right to a speedy trial under CPL 30.30 may not have been violated, there is also a constitutional right to a speedy trial expressed in CPL 30.20 and section 12 of the Civil Rights Law *(People v Dean,* 45 NY2d 651, 659). Whether or not this right has been infringed depends upon an examination of five factors: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay *(People v Taranovich,* 37 NY2d 442, 445). These factors must be balanced and the determination of whether or not a defendant has been denied his constitutional right to a speedy trial must be made on an *ad hoc* basis with no one factor or combination of factors necessarily determinative *(People v Taranovich, supra;* see *Barker v Wingo,* 407 US 514, 530). In the instant case, the last three factors listed in *Taranovich* do not lend any support to defendants' position since the underlying charge against them was armed robbery, they were incarcerated for only five days following their arraignment on the indictment, and they make no attempt to show how their defense has been prejudiced by the delay. However, in considering the length of delay and the reasons therefor, we find that the unique circumstances of this case compel us to conclude that the defendants Arthur and Lawrence Gates have been denied a speedy trial within the meaning of CPL 30.20 (subd 1) and that the indictments against them were properly dismissed. Orders affirmed. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Mikoll, JJ., concur.