OPINION OF THE COURT
Thomas E. Ryan, Jr., J.
The court on its own motion amends its decision, dated March 22, 1984, and substitutes the following:
Upon the foregoing papers this motion for leave to reargue is granted, and upon such reargument the court adheres to its original decision; the motion to dismiss is denied.
Defense counsel places emphasis on his request for dismissal on speedy trial grounds, citing CPL 30.30 (subd 1, par [c]). CPL 30.30 (subd 1, par [c]) requires the People to be ready for trial of the offenses with which the defendant *34 has been charged within 60 days of the commencement of the action.
In the instant matter a number of simplified traffic informations were issued to the defendant over a period from 1981 to 1983, for various traffic violations and misdemeanors. Initially it must be noted that the right to a speedy trial does not attach to actions commenced for traffic violations. (See People v Zagorsky, 73 Misc 2d 420; Penal Law, § 10.00; Vehicle and Traffic Law, § 155.) Thus, the defendant’s right to a speedy trial attaches only to those traffic offenses which are classified as misdemeanors.
Turning to those offenses, each simplified traffic information was issued by a police officer and directed the defendant to appear in the designated district court at a designated future time, in connection with his alleged commission of each of the respective designated offenses. Thus, each of the simplified traffic informations conformed to the definition of an appearance ticket and is to be treated as an appearance ticket pursuant to CPL 150.10.
CPL 30.30 (subd 5, par [b]) provides, for purposes of computing the time within which a trial must be commenced for a defendant who has been served with an appearance ticket, that “the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket (Emphasis added.)
The Supplementary Practice Commentary to this section explains that the statute, which previously provided that the action would be deemed to have commenced on the date that the appearance ticket was returnable, was amended effective May 18, 1982, “since, in these nonfelony cases, it is unreasonable to require the prosecutor to prepare and answer ‘ready’ when the defendant has not complied with process.” (Bellacosa, McKinney’s Cons Laws of NY, Book 11 A, 1983-1984 Pocket Part, CPL 30.30, p 27.) In the instant action, the defendant failed to appear in court on any of the dates set forth in the respective informations.
For purposes of determining the timeliness of the instant action as it pertains to each of the defendant’s offenses, such offenses must be treated in two groups: Those offenses for which informations were issued on or after May 18, *35 1982, and those for which informations were issued prior to May 18,1982. Thus, the time period set forth in CPL 30.30 (subd 1) would be calculated from the date the defendant first appeared in court in response to those simplified traffic informations issued on or after May 18, 1982, in accordance with the amended CPL 30.30 (subd 5, par [b]), thereby making this action timely with respect to those offenses. The time period would be calculated from the return date of those informations issued prior to May 18, 1982, in accordance with the CPL 30.30 (subd 5, par [b]) which was previously in effect.
Turning to the latter group of informations for offenses allegedly committed prior to May 18, 1982, CPL 30.30 (subd 1) indicates in part that a motion to dismiss on speedy trial grounds must be granted “where the people are not ready for trial” within the specified time periods. (Emphasis added.) CPL 30.30 must be read in light of the type of case involved, in this instance, a traffic matter, and the local practice with regard to prosecution of such a case.
In a case such as that which is presented here when the defendant fails to appear on the return date of the information, the District Attorney has absolutely no knowledge of the existence of the charge. The case then proceeds to the warrant department. The District Attorney becomes aware of an existing traffic charge only after the defendant has pleaded “not guilty” and/or requests a trial or a disposition.
The defendant herein was arraigned on August 22,1983, and the case was set down for disposition on October 6, 1983. Apparently the disposition could not be effected and the matter was marked for trial. The People have not caused any delay herein and have been ready for trial within the prescribed period. Obviously, they cannot be ready for the trial of an action, the existence of which they are unaware. The defendant’s failure to appear when required, in an instance such as this, cannot work to his benefit. It is true that the defendant does not have to bring himself to trial, but he cannot claim the benefits of CPL 30.30 where he has failed to appear for arraignment and has in effect “hid out”, even though “in open view”, particularly where the District Attorney has no knowledge of the case.
*36 In People v Taranovich (37 NY2d 442), the Court of Appeals set forth five factors to be considered in determining whether the speedy trial requirements had been met: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.
“Delay” in the case at bar is nonexistent since the time the District Attorney had been alerted to it and made aware of it. If any delay has resulted, the defendant has been responsible for it. There has been no incarceration herein, no prejudice has been shown to the defendant, nor has impairment of defense been alleged or demonstrated.
While five factors have been set forth for determining speedy trial requirements, in the case at bar which is a traffic matter being handled in Nassau County, New York, with a system that may be peculiar to that county, it is the opinion of this court that “Prosecutorial Control” must be added as a sixth determinative factor. This is not the customary criminal case that is initiated by the District Attorney or one that he should be expected to be or is aware of. Since becoming aware of the existence of this matter, the District Attorney has moved it along for trial and conclusion.
Moreover, even if the District Attorney had been aware of the existence of this matter at the outset, CPL 30.30 (subd 4, par [c]) provides that in computing the time within which the People must be ready for trial, the period of delay resulting from the absence or unavailability of the defendant must be excluded. The paragraph continues, “A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”.
In a case of this nature, involving traffic offenses, “due diligence” would not require the prosecutor to actively seek out and secure the presence of the defendant in court. Such a requirement clearly would be unreasonable in light of the nature of the offenses in question and would result in an impossible burden on the prosecutor in terms of the sheer volume of traffic cases.
*37 Consequently, the defendant is to be considered unavailable for trial for that period of time during which he failed to appear in response to the simplified traffic informations issued to him. Said period is to be excluded in calculating the time within which the People must have been ready for trial, thereby making this action timely with respect to those informations issued prior to May 18,1982, as well as to those issued on or after that date.
Accordingly, the motion to dismiss is denied.