OPINION OF THE COURT
Jerome B. Fleischman, J.
This decision is on a motion by defendant, pro se, to dismiss two simplified traffic informations on the ground that defendant has been denied the right to a speedy trial.
*922 Ticket No. F03144 charges defendant with passing a stop sign in violation of Municipal Code of the City of Long Beach § 15-a, and ticket No. F03145 charges defendant with unsafe passing in violation of Vehicle and Traffic Law § 1124. Both tickets were given to defendant on February 5, 1985, at the same time, and made returnable on February 27, 1985. Pleas of not guilty to both were mailed on February 7, 1985 and received by court on February 8, 1985. The instructions on the back of each ticket in reference to pleas of not guilty reads as follows: "Note: Mail to the Court specified on the reverse by Registered or Certified mail, Return Receipt Requested, within 48 hours. The Court shall then advise the violator by Registered or Certified mail, Return receipt requested of the trial date, which in no event shall be less than 7 days after such notice of trial is mailed”.
Thereafter, nothing was done for more than nine months until November 21, 1985 when a notice was mailed to defendant to appear in court on December 16, 1985. On December 16, 1985, the case was adjourned to January 28, 1986, at defendant’s request. The instant motion was made by notice of motion dated January 14, 1986, returnable January 28, 1986, at which time an affirmation in opposition was submitted by the People and oral argument was made before me by both sides.
The People contend that the right to a speedy trial is not available for traffic infractions under CPL 30.30 because traffic infractions are not covered by that section. In support of this argument the People cite People v Zagorsky (73 Misc 2d 420 [1973]) and People v Solomon (124 Misc 2d 33 [1984]) which cases so hold. However, the court in People v Zagorsky (supra, p 423) noted that a defendant charged with a traffic infraction still has available the traditional speedy trial remedy found in CPL 30.20. (See also, Matter of Santacrose v Bean, 52 Misc 2d 167 [1964].)
The right to a speedy trial is guaranteed to all persons who stand accused in criminal prosecutions. (US Const 6th Amend.) This right has been held to be available to defendants in State prosecutions as a matter of due process (US Const 14th Amend; see, Dickey v Florida, 398 US 30, 37-38; Klopfer v North Carolina, 386 US 213, 226). This right has also been incorporated into New York State law by CPL article 30 and Civil Rights Law § 12.
While this traffic offense is not a crime by definition under *923 New York State law, its prosecution is in the nature of a criminal prosecution in that one aspect of the sentence authorized is a jail term of up to 15 days. (Vehicle and Traffic Law § 1800 [b].) And, in fact, traffic infractions are treated as crimes for certain procedural purposes. (See, Vehicle and Traffic Law § 155; People v Bliss, 53 Misc 2d 472.) In light of this historical background it is inconceivable that the Legislature did not intend a defendant accused of such a traffic infraction to have the right to a speedy trial. Certainly, the defendant should not be subject to having such charges against him languish without times end until the recollection of events has dulled to the point where he can no longer defend himself. I am of the opinion that the Constitution of the United States and the laws of the State of New York in regards to speedy trials were intended to afford the right to a speedy trial to defendants charged with traffic violations. The only question presented on this motion is whether this defendant has been deprived of this right under the circumstances presented.
In People v Taranovich (37 NY2d 442, 445-446 [1975]), the Court of Appeals articulated the following factors which should be considered in determining whether a defendant has been denied the right to a speedy trial: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.”
However, the court made it clear that: "No one factor or combination of the factors set forth * * * is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it” (supra, p 445).
Applying all of these factors to the case at bar and attempting to balance the considerations, I find that the extent of the delay of more than 10 months between the not guilty plea and the date first noticed for trial was excessive thereby depriving the defendant of his right to a speedy trial. Most disturbing is the fact that nowhere do the People attempt to explain or excuse the delay. The burden is on the prosecution to show good cause for any delay. (People v Racassi, 32 AD2d 928 [1969].) And where the People have failed to sustain this burden, as they have failed to do here, the charges have been dismissed. (People v Minicone, 28 NY2d 279 [1971]; People v *924 Piscitello, 7 NY2d 387 [1960]; People v Bryant, 12 NY2d 719 [1962]; People v Wallace, 26 NY2d 371 [1970].)
Furthermore, the nature of the underlying charges are not complex or serious enough to warrant a long delay in bringing them to trial. The entire statutory scheme of the speedy trial legislation shows the intent to require less serious offenses to be disposed of expeditiously CPL 30.30 (1) (d) mandates that violations be brought to trial in only 30 days while misdemeanors and felonies are afforded more time. In the case at bar we are dealing with offenses which are no more serious than violations.
Finally, defendant claimed at the argument on this motion that he had been prejudiced by the delay in bringing this case on for trial in that he had forgotten many details of the incident due to the passage of time. This is one of the reasons for the speedy trial guarantee, i.e., to protect an accused from the hazard of a trial after so great a lapse of time that it might be more difficult for him to defend himself because of the dulling of memory. (People v Prosser, 309 NY 353, 356.)
Under these circumstances, the two simplified traffic informations are hereby dismissed.