OPINION OF THE COURT
Patricia Anne Williams, J.
The defendant Anthony Michalek is charged with driving while impaired by the use of alcohol is violation of Vehicle and Traffic Law § 1192 (1). On April 3, 1987, he was arraigned on a criminal court complaint embodying that single charge. On August 6, 1987, 125 days later, the defendant filed a motion to dismiss, based on alleged speedy trial violations by the People, pursuant to CPL 30.30. For the reasons set forth herein, this motion must be denied.
CPL 30.30 constitutes the statutory speedy trial provision and applies only to felonies, misdemeanors and violations. CPL 30.30 (1) (d) provides for dismissal of the accusatory instrument where the People are not ready for trial within 30 days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a violation. In the instant case both parties based their arguments upon the assumption that Vehicle and Traffic Law § 1192 (1) is a violation. This position is erroneous.
Penal Law § 10.00 (3) defines a violation as "an offense, other than a 'traffic infraction’ ” (emphasis added) while a traffic infraction is defined by reference to Vehicle and Traffic Law § 155. Vehicle and Traffic Law § 1192 (1) explicitly states that "a violation of this subdivision shall be a traffic infraction”. Accordingly, CPL 30.30 is not applicable to the instant case. (See, People v Solomon, 124 Misc 2d 33 [1984]; People v Zagorsky, 73 Misc 2d 420 [1973]; Penal Law § 10.00; Vehicle and Traffic Law § 155.)
Nevertheless, the court has analyzed the adjournments in this case which are as follows:
The period between the defendant’s arraignment and the first adjourned date constitutes time chargeable to the People. The period between April 3, 1987 and April 24, 1987 — a total of 21 days — is includable time because the People requested the adjournment.
On the next date, April 24, 1987, the defendant failed to appear in court and a bench warrant was issued. On May 3, 1987 the defendant was returned on the April 24, 1987 war *3 rant. This period, a total of 20 days, is excludable. (CPL 30.30 [4] [c].)
On this same date, a motion schedule was set. The decision on the defense motion was scheduled for June 12, 1987. This period, a total of 29 days, is excludable. (CPL 30.30 [4] [a].)
On June 12, 1987, the court, on consent, granted the request for Mapp/Huntley/Dunaway hearings, while reserving the Sandoval hearing for the trial court. The hearing was scheduled by the court for July 9, 1987. This time period of 27 days is likewise excludable. (CPL 30.30 [4] [b].)
On July 9, 1987, the People were not ready for the hearings scheduled for that date. The court then adjourned the case until July 27, 1987. This period, a total of 18 days, is chargeable to the People.
On July 27, the hearings were held as scheduled. The case was adjourned until August 6, 1987 for confirmation. This period, a total of 10 days, is excludable. (CPL 30.30 [4] [a].)
Although the People answered ready for trial on August 6, 1987, the defendant filed the instant speedy trial motion pursuant to CPL 30.30. The case was adjourned to August 27, 1987 for decision. This period, a total of 21 days, is excludable. (CPL 30.30 [4] [a].)
Thus the total time chargeable to the People is 39 days. Both parties agree that the only time period in dispute is that period from July 9, 1987 to July 27, 1987 — a period of 18 days. The core issue as to the includability vel non of this period hinges upon whether or not the People answered ready for Mapp, Huntley and Dunaway hearings on July 9, 1987. The People argue that their unreadiness was due to the previously communicated unreadiness of the defense. The defense claims that its unreadiness was due to the failure of the People to provide various discovery materials. Both parties focus upon the failure of the People to provide a copy of a certain videotape made by the police department on the date of arrest, although the defense contends that "documents” were also withheld. It is these "documents” which are dispositive. Although the People consented to a Huntley hearing, their June 12, 1987 discovery response includes the following statement with respect to the defendant’s postarrest admissions: "The only statement known to the People are those in the Intoxicated Driver’s Examination which the People have subpoenaed but not yet received. The People will provide this to defense counsel in advance of any Huntley hearing.”
*4 There is no indication that on July 9, 1987 or at any preceding date this document had been made available to the defense. Accordingly, the defense quite reasonably announced its unreadiness for the hearing, since the very subject matter of the hearing remained undisclosed to the defense. Moreover, since that unreadiness was due solely to the inaction of the People, the 18-day time lapse between July 9, 1987 and July 27, 1987 is chargeable to the People. (People v Worley, 66 NY2d 523 [1985].)
This court has performed the foregoing CPL 30.30 analysis because it is clear that the statute contains a significant loophole. The seriousness with which the Legislature has viewed this particular offense of driving while impaired by the use of alcohol (Vehicle Traffic Law § 1192 [1]) can be seen by the sentencing provisions upon conviction; i.e., the mandatory fine of $250 (which is equivalent to the maximum fine permissible on a conviction of a violation), the same maximum jail sentence as may be imposed on conviction of a violation — 15 days, the prohibition of a sentence of an unconditional discharge, and the mandatory suspension of the defendant’s license for a period of 90 days. (Vehicle and Traffic Law § 1192 [1], [6]; § 510 [2] [c] [1].) Nevertheless, the Legislature has seen fit to define a violation of Vehicle and Traffic Law § 1192 (1) as a traffic infraction and to exclude such an offense from the parameters of CPL 30.30. This court has been unable to find a single reported decision wherein the disposition of the case rested upon this sole ground. (See, People v Attie, 131 Misc 2d 921 [1986], where, although referring to CPL 30.30 the case was ultimately decided under CPL 30.20 — a ground not available in the instant case.)
Here, some 39 days of includable time have elapsed since the commencement of this action. Hence, if the charges against this defendant were a violation, the lowest classification pursuant to CPL 30.30, the case would have to be dismissed. Since it is not so classified, the defendant has no remedy based upon CPL 30.30. Accordingly, and despite the obvious anomaly, the defendant’s motion must be denied.