THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v MICHAEL D. PREGENT, Defendant.

City Court of Syracuse, October 14, 1988

### APPEARANCES OF COUNSEL

*Robert J. Lis* for defendant. *Robert E. Wildridge, District Attorney (Paul V. Mullin* of counsel), for plaintiff.

### OPINION OF THE COURT

LANGSTON C. McKINNEY, J.

Defendant stands charged with driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired (DWAI) (Vehicle and Traffic Law § 1192 [1]) based upon an incident which allegedly occurred on November 20, 1987 in the City of Syracuse. Defendant has moved to dismiss, *inter alia,* on speedy trial grounds.

The facts are somewhat unusual. Defendant was initially

arraigned on November 21, 1987 on a simplified traffic information charging him with DWAI. On January 19, 1988, some 59 days later, defendant's attorney moved in open court to dismiss on speedy trial grounds. The court deferred entertaining the verbal application and directed defendant to submit his motion on papers. At the same court appearance, the People announced ready for trial. Defendant subsequently submitted a written motion to dismiss and the People responded accordingly.

While defendant's motion was under consideration by the court, the People filed an information charging defendant with the misdemeanor of driving while intoxicated. This charge was predicated upon the identical factual circumstances which formed the basis of the DWAI charge. Defendant was arraigned on the new charge on February 24, 1988, some 95 days after his arraignment on the initial charge.* He thereafter moved to dismiss the new DWI charge on a number of grounds, including speedy trial.

Defendant contended in his original motion that the DWAI charge should be dismissed on the ground that the People were not ready for trial within the period required by CPL 30.30 (1) (d). The People countered, citing *People v Zagorsky* (73 Misc 2d 420 [1973]), *People v Solomon* (124 Misc 2d 33 [1984]), and *People v Michalek* (138 Misc 2d 1 [1987]), by arguing that the right to a speedy trial does not attach to traffic violations. Defendant further contended in his renewed motion that the DWI information should be dismissed, inasmuch as it was filed after the time had expired for the original charge to have been brought to trial.

* Arraignment of defendant on the DWI charge, under the provisions of CPL 100.50 governing superseding informations, would ostensibly result in mandatory dismissal of the earlier accusatory instrument which charged defendant with DWAI. Such a result does not obtain in the instant case. Because the DWAI charge was contained in a simplified traffic information, CPL 100.50 does not apply. *(People v Baron,* 107 Misc 2d 59 [1980].) The Legislature did not include simplified traffic informations in the category of accusatory instruments which are subject to the provisions of CPL 100.50. By its terms that section only applies to "informations" and "prosecutor's informations" and does not include "simplified informations" within its ambit. In situations involving such specific statutory language, "the failure of the Legislature to include a matter * * * [indicates] that its exclusion was intended." (McKinney's Cons Laws of NY, Book 1, Statutes § 74; *Pajak v Pajak,* 56 NY2d 394, 397 [1982].) Because the earlier accusatory instrument has never been dismissed or superseded, the court thus has before it two accusatory instruments. Each instrument charges the defendant with a separate offense arising out of the same criminal transaction.

The People's contention regarding the inapplicability of CPL 30.30 to the original DWAI charge is unfounded. First, CPL 170.30 (1) (e) authorizes the dismissal of a simplified information on speedy trial grounds. A "simplified information", by definition, includes a simplified traffic information (CPL 1.20 [5] [a]). A "simplified traffic information" is an abbreviated form accusatory instrument which charges a person with traffic infractions or misdemeanors. (CPL 1.20 [5] [b].) DWAI is a traffic infraction (Vehicle and Traffic Law § 1192 [1]). Because the accusatory instrument charging defendant with DWAI was a simplified traffic information, it was thus subject to dismissal on speedy trial grounds. This syllogistic reasoning is buttressed by the provisions of Vehicle and Traffic Law § 155, which defines "traffic infraction" and which provides that for jurisdictional purposes, traffic infractions *"shall be deemed misdemeanors and all provisions of law relating to misdemeanors except as provided in section [1805] of this chapter and except as herein otherwise expressly provided shall apply* except that no jury trial shall be allowed for traffic infractions." (Emphasis added.) The mandate of the statute is clear: except as otherwise expressly provided in the Vehicle and Traffic Law, traffic infractions are to be treated as misdemeanors. Thus, all provisions of the Penal Law and the Criminal ·Procedure Law which govern the disposition of misdemeanors also govern the disposition of traffic infractions except where the Vehicle and Traffic Law specifically provides otherwise. Among the notable exceptions carved out in the Vehicle and Traffic Law are (1) no jury trial for traffic infractions (Vehicle and Traffic Law § 155); (2) imprisonment and fines for traffic infractions less than those prescribed for misdemeanors in Penal Law articles 70 and 80 *(e.g.,* Vehicle and Traffic Law § 1192 [1], [5]); and (3) mandatory surcharges for traffic infractions less than those prescribed for misdemeanors in Penal Law § 60.35 (Vehicle and Traffic Law § 1809). In each of these instances, the Legislature has clearly designated a specific manner in which traffic infractions are to be handled differently from misdemeanors. Diligent research, however, fails to uncover any provision in the Vehicle and Traffic Law whereby traffic infractions are exempted from the speedy trial considerations of CPL 30.30.

For the above reasons, this court concludes that defendant's motion made pursuant to CPL 170.30 (1) (e) was properly addressed to the original DWAI charge. Insofar as this conclusion is at odds with the opinions of the learned jurists in

*People v Zagorsky (supra), People v Solomon (supra)* and *People v Michalek (supra),* this court rejects those opinions as being erroneous. The People's reliance on these cases is thus misplaced.

Although defendant's original speedy trial motion was properly brought, it must nonetheless be denied on the merits. Defendant's initial assertion of a speedy trial violation was bottomed on the false notion that because the DWAI charge was a violation, the provisions of CPL 30.30 (1) (d) were applicable; and that the People were consequently required to be ready for trial within 30 days. DWAI, however, is *not* a violation; rather it is a traffic infraction (Vehicle and Traffic Law § 1192 [1]) entitled to procedural treatment as a misdemeanor *(supra;* Vehicle and Traffic Law § 155). For speedy trial purposes, then, defendant's original DWAI charge was subject to the provisions of CPL 30.30 (1) (c) governing class B misdemeanors, rather than to the provisions of CPL 30.30 (1) (d) governing violations. Thus, the People were required to be ready for trial in 60, rather than 30 days. The People's announcement of ready in the instant case on the 59th day (Jan. 19, 1988) was therefore timely. Accordingly, defendant's original speedy trial motion must be denied.

In like fashion, the speedy trial motion addressed to the DWI information must also be denied. Defendant contends that that information should be dismissed because it was filed after the expiration of the prescribed readiness period for the original DWAI charge. Although that premise does find some support in the case law *(e.g., People v Reid,* 110 Misc 2d 1083, 1086-1087 [NY City Crim Ct 1981]), it is inapplicable to the instant case because the readiness period for the DWAI charge had not yet expired when the DWI charge was lodged.

As was shown above, the People announced ready prior to the expiration of the 60-day period prescribed by CPL 30.30 (1) (c). That declaration of readiness effectively preserved the People's right to the use of the remaining unexpired portion of the readiness period. "This is not to say that by answering ready prior to the expiration of the applicable period stated in [CPL 30.30] subdivision 1 or subdivision 2 the People forfeit their right to the time remaining. The statute was intended to limit the People's time for preparation to the period specified, *but they are entitled to the full period allowed, either before or after answering ready." (People v Anderson,* 66 NY2d 529, 536-537 [1985].) By answering ready on the 59th day, the District Attorney was thus free to utilize the remaining unexpired

time (one day) to continue prosecution of the defendant by filing an additional accusatory instrument against him. And so long as the succeeding accusatory instrument is "directly derived" from the original charge, then the initial timely declaration of readiness satisfies the People's obligation to answer ready on the subsequent accusatory instrument *(People v Osgood,* 52 NY2d 37, 43-44 [1980]; *People v Sinistaj,* 67 NY2d 236, 241 [1986]; *People v Marsh,* 127 AD2d 945, 946-947 [3d Dept 1987]). Concomitantly, for the purpose of computing excludable time under CPL 30.30 (4), the second accusatory instrument must be related back to the original one, i.e., all excludable periods must be deducted from the "total time" running from the defendant's arraignment on the first accusatory instrument to the filing of the second one *(People v Sinistaj, supra; People v Marsh, supra).*

Here, application of the excludable periods of time to the DWI information requires that the motion to dismiss be denied. Neither party disputes that 59 days had elapsed between commencement of this criminal action on November 21, 1987 and January 19, 1988, when the People initially declared their readiness to try this case. Assuming, arguendo, that all that period was chargeable to the People, it follows that the entirety of the period of delay thereafter was excludable under CPL 30.30 (4) (a) due to the submission and resolution of defendant's pretrial motions. It is of no consequence that the second accusatory instrument was filed during that period, for the People were rightfully entitled to do so on their one remaining day of the unexpired trial readiness period. In sum, the People have satisfied the ready-for-trial requirements of CPL 30.30.

The court has reviewed defendant's other contentions and finds them to be without merit.