*331 OPINION OF THE COURT
Madonna Stahl, J.
On April 1, 1989 defendant was ticketed by the Albany Police Department for driving while ability impaired (DWAI) in violation of section 1192 (1) of the Vehicle and Traffic Law, speeding in violation of section 1180 (d) of the Vehicle and Traffic Law, and operating without headlights in violation of section 375 (2) (a) (1) of the Vehicle and Traffic Law. At trial, ticket No. 3499226 was dismissed.
On or about May 2, 1989, defendant filed a notice of motion and demand to produce seeking various and sundry relief from this court. A decision was rendered on June 22, 1989 and the matter was thereafter scheduled for trial on October 25, 1989.
On the date of trial, defendant moved to dismiss on the grounds that the speedy trial provisions of CPL 30.20 and 30.30 had been violated.
Defendant relies on People v Pregent (142 Misc 2d 344 [1988]), where the court determined that DWAI was a traffic infraction entitled to procedural treatment as a misdemeanor, and, as such, was governed by the 60-day trial readiness requirement of CPL 30.30 (1) (c).
No matter how tortured the reasoning, a violation of section 1192 (1) of the Vehicle and Traffic Law is not a misdemeanor. Sections 1192 and 1193 of the Vehicle and Traffic Law were both substantially revised in 1988. Section 1193 (1) (a) very clearly states that "[a] violation of subdivision one of section eleven hundred ninety-two of this article shall be a traffic infraction”. At the same time section 1193 (1) (b) clearly states that "[a] violation of subdivision two, three or four of section eleven hundred ninety-two of this article shall be a misdemeanor”.
The speedy trial protections of CPL 30.30 do not apply to traffic infractions since they are not felonies, misdemeanors or violations. (See, People v Wise, 141 Misc 2d 409 [1988].)
The defendant, being unable to avail himself of the strict time limitations of CPL 30.30, is left with the traditional speedy trial remedy found in CPL 30.20. Whether or not this right has been infringed depends upon an examination of the following five factors: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication *332 that the defense has been impaired by reason of the delay. (People v Gates, 70 AD2d 734, 735 [3d Dept 1979], citing People v Taranovich, 37 NY2d 442, 445.) These factors must be balanced in each individual case, with no factor or combination of factors necessarily determinative. (People v Gates, supra, at 735.) In the instant action, the People have been ready for trial, there has been no pretrial incarceration of the defendant and, in fact, defendant admits that the proceedings were delayed for almost three months due to defendant’s service of a motion to produce. There is no claim or any indication that the defense has been impaired in any way by reason of the delay. This court thus finds that the speedy trial provisions of CPL 30.20 have not been violated.
At trial, this court admitted into evidence, over defendant’s objection, four items under the business record rule pursuant to CPLR. All four items each consisted of two pages. The bottom page is a copy of the scientific analysis, itself. The top page is a copy of the certification by the director of the appropriate State agency (hereinafter the first certificate) which has then been stamped certified as "a true and exact copy of an official record [presumably the attached copy of the analysis and the copy of the first certificate] maintained by the Albany Police Department” and bears the original signature of a local police officer (hereinafter the second certificate).
There are no seals on either certificate. Thus, these documents were not properly certified under CPLR 4540 (b). (See, People v Brown, 128 Misc 2d 149, 153.)
More general standards are laid down under CPLR 4518 (c) where a seal is not required. However, certification or authentication by the head of the agency or "an employee delegated for that purpose” is required.
The second certificate does not state that the police officer was designated as the legal custodian of the records nor is there any assurance given by the certifier that the copy submitted is accurate and genuine as compared to the original.
Indeed, it is not clear as to exactly which documents have been certified. Is it only the copy of the first certificate or also the underlying copy of the analysis? In any event, it is a copy of a copy and the second certification on all four exhibits must fail. (See, People v Brown, supra.)
For some of the same reasons, a fifth document, a copy of the calibration test record of the Albany Police Department, *333 was erroneously received into evidence. Again, the certification was not done by the head of the agency nor does it state that the officer who signed had been delegated as the custodian of the records.
The remaining issue is whether or not, without relying on any of the test results, the defendant can be found guilty beyond a reasonable doubt of DWAI under Vehicle and Traffic Law § 1192 (1).
This court so finds. Officer Maloney testified that he observed the defendant driving a pickup truck with no headlights traveling eastbound on Central Avenue, near Quail, in the City of Albany on April 1, 1989 at about 2:18 a.m. When Officer Maloney stopped defendant at Central and Lexington he asked for defendants license and registration. At that time he observed that defendant’s eyes were red and glassy, his speech was slurred and there was a smell of alcohol on his breath. He further testified that defendant said he was on his way home after having had "a couple of drinks.” Officer Maloney, who has several years of experience on the police force and has made many driving while intoxicated arrests, was of the opinion that defendant was intoxicated.
While this court is well aware that slurred speech, red eyes, and the odor of alcohol can possibly be caused by factors other than alcohol, there is no evidence in this case that any of these problems were, in fact, caused by anything other than alcohol. Thus, when added together with the other circumstances such as no headlights and defendant’s admission, one must conclude that defendant was driving while his ability was impaired by alcohol. He is further found guilty of driving without headlights.
Defendant is to present himself in the Traffic Part of this court for sentencing on January 2, 1990 at 9:30 a.m.